**Michael S. BRESLOW, Appellant,**

v.

**Edward J. DERWINSKI, Secretary
of Veterans Affairs, Appellee.**

No. 90–89.

United States Court of Veterans Appeals.

July 11, 1991.

As Amended Aug. 19, 1991.

**360**

Before NEBEKER, Chief Judge, and IVERS and STEINBERG, Associate Judges.

### ORDER

PER CURIAM.

It appearing that the appellant filed a Notice of Appeal (NOA) here after having first filed for reconsideration before the Board of Veterans' Appeals (BVA), and it further appearing that while this case was pending before the Court, the BVA decided the case on reconsideration and appellant has filed a timely NOA from that decision, denoted as an amended NOA, on April 11, 1991, it is

ORDERED, *sua sponte*, that payment of the filing fee on the April 11, 1991, NOA is waived (*compare* Fed.R.App.P. 4(a)(4) *with* U.S.Vet.App.R. 3(e) (effective May 1, 1991)), and that appeal will be assigned a new docket number and proceed in the normal course on appeal. It is further

ORDERED, *sua sponte*, that the instant appeal is dismissed. *See Rosler v. Derwinski*, 1 Vet.App. 241 (1991).

STEINBERG, Associate Judge, concurring:

This case raises the issue of whether this Court acquires jurisdiction over an appeal from a Board of Veterans' Appeals (BVA or Board) decision when a claimant files a so-called 'protective' Notice of Appeal (NOA) here *after* that claimant has moved the BVA to reconsider the decision being appealed and thereafter the BVA grants that motion to reconsider. The Court's dismissal of the case, *sua sponte*, is based on our holding in *Rosler v. Derwinski*, 1 Vet. App. 241 (1990), that the filing of a reconsideration motion by a claimant renders the decision nonfinal while that reconsideration motion, or the reconsideration itself, is pending at the Board. Hence, when the NOA was filed here there was no final BVA decision to appeal. I write separately to clarify the interrelationships among *Rosler*, the instant case, and our recent decision in *Cerullo v. Derwinski*, 1 Vet.App. 195 (1991).

### I. BACKGROUND

Mr. Breslow filed claims seeking an increase in his service-connected disability compensation, currently rated 10 percent, as well as "a permanent and total disability rating for pension purposes." *Michael S. Breslow*, loc. nos. 929602–03 (BVA Oct. 19, 1989). On November 22, 1988, he filed a Notice of Disagreement with the Regional Office's denial of these claims. The BVA issued two decisions on October 19, 1989— one increasing his service-connected disability evaluation to 30 percent and one denying the pension claim. *Ibid.* On February 12, 1990, the appellant filed with this Court an NOA (appealing both BVA decisions) and a motion for a stay of proceedings here. (For ease of reference, the two decisions are hereafter generally referred to in the singular.) The stay was requested, according to the appellant, because on February 4, 1990, he had mailed to the BVA a request for reconsideration.

On March 20, 1990, the Clerk of the Court stayed proceedings here until May 1, 1990. In a July 23, 1990, letter, the BVA Acting Chairman notified the veteran that his request for reconsideration had been granted. Nine days later, on August 1, he filed a motion here to extend our prior stay until December 1, 1990, and to direct the BVA to issue a final reconsidered decision by that date. On August 14, 1990, the Secretary filed a motion to dismiss and opposition to extension of the stay. The

appellant responded on August 28, 1990, by opposing the motion to dismiss. On August 20, 1990, the Clerk of the Court extended the stay until December 1, 1990, and on September 25, 1990, denied the motion to dismiss.[1]

The appellant argues that the granting of reconsideration while an NOA is pending should not deprive the Court of jurisdiction. If granting reconsideration did deprive the Court of jurisdiction, he contends, the Department of Veterans Affairs (VA) would have "unlimited power to divest the Court of jurisdiction at any time" because of the BVA's asserted ability, on its own motion, to order reconsideration of its decisions at any time. Motion of Appellant in Opposition to Dismissal at 2. The appellant also argues that the Court should retain jurisdiction "to insure that the Board ... takes expeditious action to resolve the issues in this case." *Id.* at 3. As a final argument for our retaining jurisdiction, Breslow's counsel contends that, because an initial final BVA decision is a prerequisite to the payment of attorney fees under 38 U.S.C. § 3404(c)(1) (1988), unless the Court retains jurisdiction pending the decision on reconsideration by the BVA no attorney would move for reconsideration since under the Secretary's argument (that the granting of reconsideration renders the initial BVA decision of no effect) the attorney would be stripped of his right to obtain a fee for work performed in connection with either reconsideration by the BVA or reopening at the regional office level. *Id.* at 2–3.

The Secretary maintains that once reconsideration is granted, as here, "there ... is no final, adverse decision subject to review" by the Court, and that once the BVA makes a decision on reconsideration the appellant will have the right to file an NOA pursuant to 38 U.S.C. § 4066(a) (1988) within 120 days after the mailing of notice of that BVA decision on reconsideration. Motion to Dismiss of Appellee at 2. VA sub-

mitted no argument on the attorney-fee issue raised by the appellant's counsel.

## II. ANALYSIS

### A. Statutory and Regulatory Scheme and Case Law

The pertinent statutory provisions are 38 U.S.C. §§ 4066(a) and 4003(a) and (b) (1988). Section 4066(a) states: "In order to obtain review by the Court of Veterans Appeals of a *final* decision of the Board ... a person adversely affected by that action must file a notice of appeal with the Court ... within 120 days after the date on which notice of the decision is mailed...." (Emphasis added.) In pertinent part, section 4003(a) provides that a "decision of [a] section [of the Board] is *final* unless the Chairman orders reconsideration of the case." (Emphasis added.) Section 4003(b) then goes on to state in pertinent part: "When a case is heard by an expanded section of the Board after such a motion for reconsideration, the decision of a majority of the members of the expanded section shall constitute the *final* decision of the Board." (Emphasis added.)

The statute offers no guidance on the time within which reconsideration may occur or on the criteria to be used by the BVA Chairman in deciding whether to grant a motion for reconsideration or to order reconsideration on his or her own initiative. VA regulations permit a claimant to file such a reconsideration motion with the BVA Chairman "at any time". 38 C.F.R. §§ 19.185–86(a) (1990). VA regulations further specify three grounds—obvious error of fact or law, certain new and material evidence, and false or fraudulent evidence—for the BVA to grant reconsideration. 38 C.F.R. § 19.185 (1990). *Cf.* Proposed VA Regulation, 54 Fed.Reg. 34,360 (1990) (to be codified at 38 C.F.R. § 20.-1000) (proposed Aug. 18, 1989) (continuing essentially unchanged the open-ended nature of, and the three grounds for, recon-

---

1. While this case was pending here, the BVA on February 14, 1991, decided the service-connected compensation case on reconsideration. *See* Appellant's amended NOA filed on April 11, 1991, and the attached BVA decision, *Michael S.*

*Breslow* loc. no. 049300 (BVA Feb. 14, 1991). In the decision, the Board continued the increase of appellant's service-connected rating from 10 to 30 percent but rejected a further increase.

sideration).[2]  VA regulations also provide: "An appellate decision may be vacated by the Board ... at any time upon request of the appellant or his/her representative or on the Board's own motion." 38 C.F.R. § 19.201 (1989). *Cf.* Proposed VA Regulation, 54 Fed.Reg. 34,334, 34,360 (1989) (to be codified at 38 C.F.R. § 20.905) (proposed Aug. 18, 1989) (to substantially the same effect).

The governing VA regulations were promulgated before the November 18, 1988, enactment of the Veterans' Judicial Review Act (VJRA), Division A of Pub.L. No. 100–687, 102 Stat. 4105 (1988), and VA's General Counsel has ruled that some of them are not consistent with the new statutory scheme. Supplemental Memorandum of Appellee at 6. The General Counsel specifically held that 38 C.F.R. § 19.185, discussed above, governing when reconsideration is accorded, will have to be amended to bring it into compliance with section 4003 as amended by that Act, Pub.L. No. 100–687, § 202, 102 Stat. at 4110. VA O.G.C.Prec. No. 89–90, at 1 (Aug. 27, 1990).

Prior to the enactment of the VJRA, the statute did not mention the term 'reconsideration'. The VJRA (Pub.L. No. 100–687, § 202, 102 Stat. at 4110) introduced that term into section 4003(a) and (b), as set forth above. (The provision permitting correction of an obvious error was retained in subsection (c).)

Along with our recent decisions in *Cerullo* and *Rosler*, this case forms a trilogy of cases defining the interrelationships between reconsideration before the Board and appeal to this Court. In *Rosler*, we held "that, if following an initial BVA decision the claimant ...—before filing an NOA with this Court—files a motion for reconsideration with the BVA during the 120–day judicial appeal period, the finality of the initial BVA decision is abated by that motion for reconsideration ... [and a] new 120–day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsid-

er...." *Rosler,* at 249. In *Cerullo,* we held "that when an appeal is pending before this Court no action may be taken affecting ... [it] except by order of this Court upon terms specified by it." *Cerullo,* at 201.

In *Rosler,* we discussed a line of cases standing for the proposition that a party electing "to pursue reconsideration or rehearing before an administrative agency ... may not thereafter pursue judicial review until the administrative agency disposes of the motion for reconsideration or rehearing—or until the party withdraws the petition." *Rosler,* at 245; *see also* cases cited there. "To permit the same party simultaneously to seek both judicial and administrative review raises the possibility that a court of appeals will expend extensive judicial time on a case only to have agency reconsideration nullify its efforts". *West Penn Power Co. v. EPA,* 860 F.2d 581, 585 (3d Cir.1988) (citing *Outland v. CAB,* 284 F.2d 224, 227 (D.C.Cir.1960)); *accord Jankovich v. Bowen,* 868 F.2d 867, 871 (6th Cir.1989). We followed this analysis in *Cerullo.*

*Cerullo* derived from a line of cases that held that the timely filing of an NOA generally transfers plenary jurisdiction to the appellate court over those aspects of the case involved in the appeal. *See Cerullo,* at 196–197, and cases cited there; *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58, 103 S.Ct. 400, 402, 74 L.Ed.2d 225 (1982) (per curiam). *Cerullo* also discussed cases establishing that "finality [of a decision] as a condition of review is an historic characteristic of federal appellate procedure." *Cerullo,* at 197 (quoting *Flanagan v. United States,* 465 U.S. 259, 263, 104 S.Ct. 1051, 1053, 79 L.Ed.2d 288 (1984)). To the same effect is *Harris v. Derwinski,* 1 Vet.App. 180, 182 (1991). Finally, *Cerullo* cited *Smith v. Pollin,* 194 F.2d 349, 350 (D.C.Cir.1952), for the proposition that the jurisdiction of a superior tribunal cannot be divested by the action of a subordinate body. *Cerullo,* at 196–197. In *West Penn,* the Third Circuit held that a

---

**2.** This Court accepted the validity of these three grounds in *Cerullo v. Derwinski,* 1 Vet.App. 195, 200 (1991).

decision cannot, as to a particular party, be final for some purposes but not for others. "Finality for purposes of entitlement to judicial review should mean the same thing that finality means for purposes of triggering the time limit for appeal." *West Penn*, 860 F.2d at 587.

Finally, as we said in *Rosler*, at 245, after a proceeding is reconsidered at the administrative level, "for whatever reason, and the administrative agency issues a new and final order—even if that order merely reaffirms the rights and obligations set forth in the original order—that order is itself reviewable on its merits. *See United States v. Seatrain Lines*, 329 U.S. 424, 432 [67 S.Ct. 435, 439, 91 L.Ed. 396] (1947); [*ICC v. Brotherhood of*] *Locomotive Engineers*, 482 U.S. 270, 278 [107 S.Ct. 2360, 2365, 96 L.Ed.2d 222] (dictum)." Where a motion to reconsider is denied by the administrative agency, the most that would be reviewable on appeal would be the agency's exercise of the discretionary authority whether or not to grant the reconsideration. In *Locomotive Engineers*, the Supreme Court specifically distinguished between a reconsideration or rehearing petition based on alleged errors of law or factfinding on the same record, holding that denial of such a motion for *de novo* review is not appealable, and a petition based on new evidence or changed circumstance, which the Supreme Court held is appealable with an abuse-of-discretion scope of review. 482 U.S. at 278–82, 107 S.Ct. at 2365–68.

### C. Case Law Applied

The principles that derive from the cases outlined above and an analysis of their applicability to the title 38 statutory scheme follow. When a party files a timely NOA in this Court to obtain review of a BVA final decision, jurisdiction vests here upon that filing. *See Cerullo*, at 197; *Griggs*, 459 U.S. at 58, 103 S.Ct. at 402. Once jurisdiction attaches here, it can be divested only by the action of a superior tribunal or by this Court itself. *See Cerullo*, at 196–197; *Smith v. Pollin*, 194 F.2d at 350. Jurisdiction cannot be divested by

the action of the Board of Veterans' Appeals, a subordinate body. *Ibid.* Consequently, if the BVA should attempt to vacate or withdraw its final decision while the case is pending here after a timely NOA filing, the BVA's attempted action would not remove the jurisdiction of this Court over the appeal—any more than the District Court in *Smith v. Pollin* could defeat the court of appeals' jurisdiction there. *See Cerullo*, at 200. As a result, the VA regulation, 38 C.F.R. § 19.201 (1990), which purports to authorize the BVA to vacate a decision at any time cannot and does not authorize such action while an NOA is pending here.

However, the operative statutory provisions, 38 U.S.C. §§ 4003 and 4066, are not clear on their face as to when an initial final BVA decision is nullified by virtue of the reconsideration process. In his August 27, 1990, precedent opinion, the VA General Counsel concluded that the "plain language of th[e] statute [as amended by the VJRA regarding BVA reconsideration] demonstrates that, instead of the review limited to the question of whether the previous BVA section erred, the earlier decision is vacated and is replaced with a decision by an expanded section." VA O.G.C.Prec. No. 89–90, at 2. Attempting to extend this analysis, the Secretary contends that the nullification of the initial BVA final decision occurs as soon as reconsideration is ordered by the BVA Chairman either upon an appellant's motion or by the Chairman on his or her own initiative. Supplemental Memorandum of Appellee at 4.

This position is without merit. There is no evidence that Congress intended there to be a period during which there was no final BVA decision once one had been issued. The reasons discussed below demonstrate, rather, that while reconsideration is pending at the BVA the initial BVA decision remains in effect, even though its finality is abated, *until* it is superseded by another 'final' BVA decision. This is because the abatement of finality that we held in *Rosler* occurred during the reconsideration process is conditional or tempo-

rary. The finality is restored if reconsideration is denied or if the reconsideration motion is withdrawn by the claimant. *Cf. Missouri v. Jenkins*, 495 U.S. 33, 110 S.Ct. 1651, 1660, 109 L.Ed.2d 31 (1990) (timely petition for rehearing **suspends** the finality of the lower court judgment); *Browder v. Director, Dept. of Corrections of Ill.*, 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978) (same); *Dept. of Banking v. Pink*, 317 U.S. 264, 266, 63 S.Ct. 233, 87 L.Ed. 254 (1942) (same). This concept is the basis on which *West Penn*, 860 F.2d at 588, and our opinion in *Rosler*, at 249–250, make clear that the claimant may withdraw the motion for reconsideration, thereby initiating a new judicial appeal period. As *West Penn* stated, finality for purposes of triggering the judicial appeal period, which we decided in *Rosler* was not present when a motion for reconsideration is filed with the Board, and finality for purposes of entitlement to judicial review "mean the same thing" 860 F.2d at 587.[3]

A claimant's option to withdraw a reconsideration motion might be valuable for a claimant when there was a very long delay at the BVA. Or, while the reconsideration motion, or reconsideration itself, is pending at the BVA, this Court might in another case issue a decision controlling, as a matter of law, the disposition of the claimant's case. The claimant might believe that a quicker application of that decision to his or her case would occur if this Court is asked to make the connection. Alternatively, the claimant could file a motion with this Court under the All Writs Act, 28 U.S.C. § 1651(a) (1988), seeking our intervention,

in aid of our prospective jurisdiction, through mandamus to secure BVA action "unreasonably withheld" that could possibly preclude the Court from acquiring jurisdiction. *See Erspamer v. Derwinski*, 1 Vet.App. 3 (Feb. 23, 1990), *appeal dismissed*, No. 90–7001 (Fed.Cir. June 28, 1990). However, that jurisdiction is extraordinary, and stringent criteria must be met for its exercise. *See Erspamer*, at 7.

Applying the above analysis and our holdings in *Rosler* and *Cerullo* to the situation in the present case leads to the conclusion that where the BVA has issued a decision and a claimant during the 120–day judicial appeal period files, as did Breslow, a motion for reconsideration with the BVA under 38 U.S.C. § 4003 followed by an NOA within the same time period, this Court lacks jurisdiction over that appeal and must dismiss it, without prejudice, as long as the reconsideration motion, or reconsideration itself, is pending before the BVA. This is because the same party cannot pursue both administrative and judicial review simultaneously (*see, e.g., West Penn*, 860 F.2d at 587), because that party's reconsideration motion has temporarily abated the finality of (rather than vacating) the initial BVA decision while reconsideration is pending (*see Rosler*, at 249), and because without such finality there can be no NOA filed with this Court under the explicit terms of 38 U.S.C. § 4066 (*see Harris*, at 182). During the pendency of the reconsideration process, the 120–day appeal period is held in abeyance. *Rosler*, at 249. That 120–day period begins to run anew (that is, the first day of the 120–day period is) the day after the BVA Chairman mails notice of a denial of reconsideration (*see*

---

**3.** Although the applicable law and regulations are silent as to this option to withdraw the reconsideration motion, that it exists follows ineluctably from the fact that there is no limit in law or regulation regarding the number of times, or the time period within which, a claimant may move for BVA reconsideration or reopening at the regional office. Nor can there be a claim that another party has been prejudiced by withdrawal of a motion for BVA reconsideration since the proceedings before the BVA and VA are *ex parte* and nonadversarial. *See* 38 C.F.R. § 3.103(a) (1990) (as amended by 55 Fed. Reg. 13,527) (Apr. 11, 1990); 38 C.F.R. § 19.-

157(c) (1990); proposed VA regulation, 54 Fed. Reg. 34,354 (to be codified at 38 C.F.R. § 20.-700) (proposed Aug. 18, 1989). It follows, then, that a claimant may withdraw such a motion without prejudice and without BVA permission. Similarly, where an NOA is **not** pending here when the motion for reconsideration or reopening is filed, the VA would be within its rights under the statute and regulations (38 C.F.R. § 19.201 (1990)) to vacate its prior decision. In that event, the claimant would be without recourse here under the VJRA until a new BVA decision is issued and a subsequent NOA timely filed.

 

*Rosler*, at 249) or when the BVA mails notice of a new decision after reconsideration has been granted or when the BVA receives notice that the claimant has withdrawn the reconsideration motion (*see West Penn*, 860 F.2d at 588). A BVA denial of the motion for reconsideration is appealable here if the motion is based on the submission of allegedly new and material evidence (*see* 38 U.S.C. §§ 4003(a), (b), 4004(b), 3008; 38 C.F.R. §§ 19.185(b), 19.194 (1990); 55 Fed.Reg. 52.274 (Dec. 21, 1990) (codified at 38 C.F.R. § 3.156(c) effective Jan. 22, 1991)), but not if it is based on allegation of obvious error of fact or law in the original. record (*see* 38 U.S.C. §§ 4003(c) (1988); 38 C.F.R. §§ 19.185(a) (1990); *cf.* 38 C.F.R. § 3.105(a) (1990)). *See Locomotive Engineers*, 482 U.S. at 278–82, 107 S.Ct. at 2365–68.

Although the appellant argued that we should retain jurisdiction over Breslow's appeal in order to ensure a reasonably prompt decision on reconsideration, jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a) (1988), cannot be exercised by this Court on the basis of speculation about possible unreasonable delay.

As we said in *Rosler*, at 249, a claimant wishing to guarantee prompt access ultimately to an appeal to this Court while still attempting to secure a favorable, expeditious decision by the BVA on reconsideration can choose to file a protective NOA here **before** making a motion to reconsider below.[4] This filing sequence would enable the BVA to deny the reconsideration motion or, with leave of the Court, grant it and proceed with the reconsideration. *See Cerullo*, at 200. Adhering to this filing sequence would give a claimant the option of withdrawing the motion for BVA reconsideration in order to proceed with an appeal to this Court for the kinds of reasons described above.

Accordingly, the NOA here having been filed *after* the motion for reconsideration was filed with the BVA, the September 25, 1990, order of the Clerk of the Court denying the Secretary's motion to dismiss was in error.

---

4. If the claimant does file an NOA first, a stay should be requested at the same time. *See*

*Wrather–Alvarez Broadcasting, Inc. v. F.C.C.,* 248 F.2d 646, 649 (D.C.Cir.1957).