Michael P. PATTERSON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1668.

United States Court of Veterans Appeals.

Feb. 7, 1992.

Before MANKIN, Associate Judge.

ORDER

On October 30, 1991, the Court ordered that proceedings in this appeal be stayed temporarily while appellant pursued reconsideration of his case by the Board of Veterans' Appeals (BVA). The Court further ordered appellant to advise the Court of the status of the BVA proceedings on or before December 16, 1991. Appellant filed a timely response indicating that the Chairman of the Board of Veterans' Appeals (Chairman) had denied his motion for reconsideration. Although not styled as a motion, appellant's response also includes a request for specified relief, which the Court deems to be a series of motions under U.S. Vet. App.R. 27(a). In his response, appellant requests that the stay of proceedings before the Court be continued and that the Court issue orders directing the BVA and the Department of Veterans' Affairs (VA) Regional Office to take certain specified actions in furtherance of his appeal. Alternatively, appellant requests us to instruct him whether he should continue his judicial appeal, or instead, abandon it in favor of submitting new evidence to the Regional Office. Appellant further complains that the denial of his motion for reconsideration "prevents [him] from presenting new and material evidence for ultimate review by this court," and states that he is appealing the Chairman's denial of his motion.

In response, the Secretary of Veterans Affairs asserts that the decision of the Chairman to deny a motion for reconsideration is not reviewable by this Court. He further contends that appellant was not entitled to present any additional evidence on the issue of whether the Chairman should order reconsideration.

On January 28, 1992, appellant submitted a "Reply to Appellee's Response" that essentially restates the arguments raised in his response to the Court's October 30, 1991, Order, and repeats his request for interlocutory relief.

In the interest of judicial economy and prompt resolution of the case, the appeal in this Court will be permitted to proceed on the record that was before the BVA at the time of its July 9, 1991, decision, while the question of the Court's jurisdiction over the Chairman's denial of appellant's motion for reconsideration is resolved.

Accordingly, it is

ORDERED that appellant's motion to continue the stay of proceedings is DENIED, and that the stay of proceedings entered on October 31, 1991, is lifted. It is further

ORDERED that within 30 days after the date of this order, the appellant shall file with the Clerk and serve on the Secretary a brief statement of the issue or issues to be raised on appeal. U.S. Vet.App.R. 6. Except as noted below, the case shall thereafter proceed in accordance with the Court's Rules of Practice and Procedure. It is further

ORDERED that the Clerk of the Court will refer the issue of this Court's authority to review the Chairman's decision to deny reconsideration to a three-judge panel for decision. It is further

ORDERED that within 30 days after the date of this order, the parties shall submit memoranda, not to exceed 25 pages in

length, addressing the questions of whether this Court may review the decision of the Chairman to deny appellant's motion for reconsideration, and whether any evidence offered by appellant in support of a motion for reconsideration is part of "the record of proceedings before the Secretary and the Board." 38 U.S.C. § 7252(b) (formerly § 4052(b)). It is further

ORDERED that appellant's motions to order the VA Regional Office to produce records and to order the BVA to reconsider its July 9, 1991, decision are held in abeyance pending further order of the Court.

The Court declines to offer advice to appellant on how best to pursue a waiver of recovery of loan guaranty indebtedness, and his motion for instructions is DENIED. The Court further notes that appellant is unrepresented. As stated by the Court's Rules of Practice and Procedure, "Any appellant may appear and present his or her own case before the Court." U.S. Vet. App.R. 46(f). Appellant is plainly entitled to proceed, at his peril, on a pro se basis. The Court observes, nevertheless, that appellant has raised a novel and difficult question of law, and that he may find it beneficial to seek the assistance of qualified counsel.