Benjamin G. HARTOG, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1505.

United States Court of Veterans Appeals.

March 25, 1992.

Before STEINBERG, Associate Judge.

## ORDER

On September 4, 1991, appellant filed a Notice of Appeal of a Board of Veterans' Appeals (Board or BVA) decision issued on July 23, 1991. The BVA decision confirmed a Department of Veterans Affairs (VA) regional office (VARO) decision to grant appellant a 30% disability rating for post-traumatic stress disorder (PTSD). Appellant had sought a 70% disability rating. The BVA, however, made the 30% PTSD award effective back to December 11, 1985, the date of appellant's original claim. Appellant appealed to this Court the BVA's failure to award a 70% rating.

On January 14, 1992, appellant submitted a motion for remand to the BVA for readjudication, asserting that certain items of evidence in his claims folder were not considered by the BVA. On February 13, 1992, the Court ordered the Secretary of Veterans Affairs (Secretary), not later than February 26, 1992, to inform the Court whether certain items of evidence identified by appellant were in his VA claims folder prior to the Board's July 23, 1991, decision.

While the appeal was pending before this Court, and for reasons not clear from the record in the Court but apparently based on new and material evidence, the VARO issued a new rating decision on February 27, 1992, granting appellant a 100% disability rating for PTSD, effective August 26, 1991. On the same day, without having responded to the Court's February 13, 1992, order, the Secretary moved to stay further proceedings in this case on the grounds that appellant's appeal is now moot. The Court stamp-granted the motion, staying proceedings until March 28, 1992. On March 6, 1992, appellant filed correspondence with the Court stating that he intended to pursue his appeal on the issue of entitlement to a service-connected rating higher than 30% for PTSD effective December 11, 1985. In his correspondence,

appellant stated: "My appeal with the Court is an entirely different and independent issue than my 2/27/92 award of 100 percent schedular rating since it predates the local authorization for an increased rating."

A review of appellant's March 6, 1992, correspondence demonstrates that appellant wishes to pursue his appeal on the grounds upon which it was originally filed in this Court. Appellant originally filed an appeal for review of the July 23, 1991, decision of the BVA. The Court has jurisdiction to determine whether, based upon the evidence before the BVA when it rendered its July 23, 1991, decision, the BVA committed error in finding that the veteran was entitled to only a 30% rating. 38 U.S.C. § 7252 (formerly § 4052).

The Court notes that it does not presently have jurisdiction to review the February 27, 1992, RO rating decision granting the veteran a 100% rating for PTSD to determine whether the veteran is entitled to an earlier effective date for that rating. The issue of entitlement to an earlier effective date for the 100% rating granted by the RO has not been presented to, nor ruled upon by, the BVA. A claimant seeking to appeal to the Court must have a final BVA decision. *See Harris v. Derwinski*, 1 Vet.App. 180, 182 (1991). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–2179, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet.App. 2 (1990). Thus, the Court's jurisdiction is limited to review of the July 23, 1991, BVA decision, without regard to the February 27, 1992 RO rating decision or any evidence received by the RO subsequent to the BVA decision here on appeal. On consideration of the foregoing, it is

ORDERED that the Secretary, not later than March 30, 1992, file the response to

the Court's February 13, 1992, order which was due to be filed by February 26, 1992.