**Michael P. PATTERSON, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–1668.**

United States Court of Veterans Appeals.

July 30, 1993.

As Amended Aug. 9, 1993.

Michael P. Patterson, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Rosalind E. Masciola, Washington, DC, for appellee.

Gershon M. Ratner, Stephanie Forester, Michael E. Wildhaber, and Roberta L. Valente, Washington, DC, for National Veterans Legal Services Project, as amici curiae.

Michael P. Horan, Washington, DC, for Paralyzed Veterans of America, as amici curiae.

Before FARLEY, MANKIN and HOLDAWAY, Judges.

MANKIN, Judge:

On October 30, 1991, the Court ordered that proceedings in appellant's appeal of a July 9, 1991, Board of Veterans' Appeals (Board or BVA) decision denying a waiver of recovery of loan guarantee indebtedness be stayed temporarily while appellant pursued reconsideration of his case at the BVA. On November 21, 1991, the Chairman of the BVA (Chairman) denied appellant's motion for reconsideration. On December 16, 1991, appellant requested that the Court review the Chairman's denial of the motion for reconsideration. By order of February 7, 1992, the Court lifted the stay of proceedings entered on October 30, 1991, and ordered appellant to file a brief statement of issues pursuant to U.S.Vet. App.R. 6. *Patterson v. Derwinski*, 2 Vet. App. 164 (1992). In addition, the Court ordered the parties to submit memoranda of law on the question of "whether this Court may review the decision of the Chairman to deny appellant's motion for reconsideration...." On February 19, 1992, the jurisdictional issue was referred to this panel and the Court issued an order invit-

ing interested parties to submit memoranda of law addressing this issue. By order dated March 30, 1992, the Court granted a motion filed by the Secretary of Veterans Affairs (Secretary) to stay proceedings in the appeal until resolution of the consolidated appeals then pending before the en banc Court in *Russell v. Derwinski*, and *Collins v. Derwinski*, 2 Vet.App. 678 (1992). On October 27, 1992, after the issuance of a decision in the consolidated appeals, the stay in the instant case was lifted and the Secretary was ordered and amici curiae were invited to file briefs.

## I. ANALYSIS

This case presents the Court with two questions: whether this Court's jurisdiction extends to review of decisions of the Chairman to deny an appellant's motion for reconsideration and, if so, under what circumstances may the Court exercise such jurisdiction. This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski*, 1 Vet. App. 2 (1990). Title 38, United States Code Annotated, section 7252(a) (West 1991) provides this Court with "exclusive jurisdiction to review decisions of the [BVA]." The Chairman's authority to order reconsideration of prior BVA decisions stems from 38 U.S.C.A. § 7103(a) and (b) (West 1991) which provide:

(a) Decisions by a section of the Board shall be made by a majority of the members of the section. The decision of the section is final unless the Chairman orders reconsideration of the case.

(b) If the Chairman orders reconsideration in a case, the case shall upon reconsideration be heard by an expanded section of the Board. When a case is heard by an expanded section of the Board after such a motion for reconsideration, the decision of a majority of the mem-

bers of the expanded section shall constitute the final decision of the Board.

Once a motion for reconsideration has been filed, the Chairman reviews the allegations set forth in the motion and denies or grants the motion depending upon the sufficiency of the allegations. 38 C.F.R. § 20.1001 (1992). Department of Veterans Affairs (VA) regulations provide three bases for ordering reconsideration—obvious error of fact or law, certain new and material evidence, and false or fraudulent evidence. 38 C.F.R. § 20.1000. *See Breslow v. Derwinski,* 1 Vet.App. 359, 361 (1991); *Rosler v. Derwinski,* 1 Vet.App. 240, 241 (1991); *Cerullo v. Derwinski,* 1 Vet.App. 195, 200 (1991). If the motion is granted, then appellant is afforded a period of sixty days in which to present additional arguments or evidence to the reconsideration panel. 38 C.F.R. 20.1001(c)(2). After the reconsideration process has taken place and the Board issues a new and final order adverse to the veteran, the order is reviewable by this Court on its merits even if the order merely reaffirms the rights and obligations set forth in the original decision. *I.C.C. v. Locomotive Engineers,* 482 U.S. 270, 278, 107 S.Ct. 2360, 2365, 96 L.Ed.2d 222 (1987); *see also United States v. Seatrain Lines,* 329 U.S. 424, 432, 67 S.Ct. 435, 439, 91 L.Ed. 396 (1947); *Rosler,* 1 Vet.App. at 245.

The Secretary argues that the Court is precluded from reviewing the Chairman's denial of reconsideration because this type of review is outside the scope of jurisdiction defined in 38 U.S.C.A. § 7252 (West 1991). He states that the Court has construed this statutory provision to limit the Court's jurisdiction to review of final BVA decisions exclusively. *See Harris v. Derwinski,* 1 Vet.App. 180, 182 (1991) (holding that, "[r]ead together, § 7252(a) and § 7266(a) [requiring filing of Notice of Appeal (NOA) 120 days after mailing of BVA decision in order to obtain Court review] require that a claimant seeking to appeal to the Court must have a *final* BVA decision." (emphasis in original)); *see also Bond v. Derwinski,* 2 Vet.App. 376, 377 (1992); *Hartog v. Derwinski,* 2 Vet.App. 195, 196 (1992).

The Secretary argues, in the alternative, that if the Court determines that it does have jurisdiction to review the Chairman's denial of reconsideration, then jurisdiction is limited by the Supreme Court's holding in *Locomotive Engineers,* 482 U.S. 270. In that case the Supreme Court held that an agency's denial of a petition to reconsider a prior order was not subject to judicial review in the absence of allegations in the petition of new evidence or changed circumstances. *Id.*

■ Even if it were unclear that the phrase "decisions of the Board of Veterans' Appeals," as used in 38 U.S.C.A. § 7252(a), extends to decisions of the Chairman to deny reconsideration, when the statute is read in conjunction with § 7261(a)(3), it becomes apparent that Congress intended that such decisions be subject to judicial review. Section 7252(b) expressly incorporates § 7261 by stating that "the extent of the review [by the Court] shall be limited to the scope provided in section 7261 of [title 38]." Section 7261, which is titled "Scope of review," provides that

The *Court of Veterans Appeals,* to the extent necessary to its decision and when presented, *shall—*

(3) *hold unlawful and set aside decisions, findings ..., conclusions, rules, and regulations issued or adopted by* the Secretary, the Board of Veterans' Appeals, or *the Chairman of the Board [of Veterans' Appeals ]....*

38 U.S.C.A. § 7261(a)(3)(A) (West 1991) (emphasis added). The Court holds that the plain meaning of § 7252 and § 7261, taken together, is that decisions by the Chairman of the BVA to deny reconsideration are subject to judicial review by this Court. *See Gardner v. Derwinski,* 1 Vet. App. 584, 587 (1991).

In the past the Secretary has asserted that by taking action on reconsideration the Chairman has the power to strip the Court of jurisdiction over a BVA decision at any stage during the appellate process, thereby rendering the BVA decision non-final. *Cerullo,* 1 Vet.App. at 198. The Court rejected this argument in *Cerullo,* holding that "when a timely NOA is filed with this

Court from a final BVA decision, jurisdiction immediately lies in this Court." *Id.* The Chairman's action on reconsideration is a part of the BVA's administrative decision-making process and, as such, is subject to the jurisdiction of this Court. *See Breslow,* 1 Vet.App. at 363; *but see Smith v. Derwinski,* 1 Vet.App. 492, 495 (1991). In *Smith,* the Court concluded that the Chairman had no power to review attorney fee agreements for representation at the administrative level, an entirely different proceeding than that at issue here, and dismissed the aggrieved party's appeal. 1 Vet.App. 492. In contrast to the fee agreement situation in *Smith,* in the instant case the Chairman's statutory authority to decide appellant's motion for reconsideration reposes in 38 U.S.C.A. § 7103. Thus, the Court's holding in *Smith* is consistent with the Court's finding of jurisdiction over this appeal.

▮ Whether or not this Court may exercise its jurisdiction and review the Chairman's denial of reconsideration depends on the basis for appellant's motion. Where a party petitions an agency for reconsideration on the ground of "material error," i.e., on the same record that was before the agency when it rendered its original decision, "an order which merely denies rehearing of ... [the prior] order is not itself reviewable." *Microwave Communications, Inc. v. FCC,* 515 F.2d 385, 387 n. 7 (D.C.Cir.1974); *see Locomotive Engineers,* 482 U.S. at 280, 107 S.Ct. at 2366. This is the rule because where only "material error" has been put forward as the basis for reconsideration, "an appeal places before the courts precisely the same substance that could have been brought there by appeal from the original order...." *Locomotive Engineers,* 482 U.S. at 279, 107 S.Ct. at 2366. In other words, "the agency's refusal to go back over ploughed ground is nonreviewable." *Id.* at 284, 107 S.Ct. at 2368. However, the Supreme Court indicated that where a petition for reconsideration alleging new evidence or changed circumstances was denied, judicial review might be available. *Id.*

Here, appellant claims that the evidence supporting his motion for reconsideration

> bears squarely on the absence of [his] fault; existence, if any, of the alleged debt; on the [VA's] failure to notify [him] of personal liability for alleged deficiencies; over valuation of the security; and, limitation statutes which time bar appellee's claim.

Reply Brief at 2. He requests that the Court order reconsideration and that it order the VA to provide him with copies of VA documents related to the foreclosure. *Id.* The Court holds that appellant's motion for reconsideration of the July 9, 1991, BVA decision does not allege new evidence or changed circumstances such that the Court may exercise jurisdiction to consider a challenge to the Chairman's denial of reconsideration. "[The Chairman's] refusal to go back over ploughed ground is nonreviewable." *Locomotive Engineers,* 482 U.S. at 284, 107 S.Ct. at 2368.

## II. CONCLUSION

The Court holds that pursuant to 38 U.S.C.A. § 7252 and 38 U.S.C.A. § 7261, the Court has jurisdiction to review denials by the Chairman of the Board of Veterans' Appeals of reconsideration of prior and final BVA decisions. However, in this case the holding in *Locomotive Engineers* prevents the Court from undertaking review of the Chairman's order denying reconsideration.

The Court expresses its thanks to amici, National Veterans Legal Services Project and Paralyzed Veterans of America, who presented memoranda of law in this case. Their contributions are of tremendous value to the Court and are deeply appreciated.