Petra A. PAGADUAN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

Donald W. SWAIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

Nos. 93–148, 93–451.

United States Court of Veterans Appeals.

Sept. 15, 1993.

Petra A. Pagaduan, pro se.

Donald W. Swain, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, and David W. Engel, Sp. Asst. to Asst. Gen. Counsel, Washington, DC, were on the pleadings, for appellee.

Before FARLEY, HOLDAWAY and IVERS, Judges.

HOLDAWAY, Judge:

In an August 25, 1993, order, the Court consolidated these two cases for resolution of issues pertaining to the Court's jurisdiction. The question presented is whether an appellant, when appealing a denial of reconsideration by the Chairman of the Board of Veterans' Appeals (BVA or Board), must have a valid Notice of Disagreement (NOD) filed on or after November 18, 1988, in order to invoke this Court's jurisdiction.

## GENERAL ANALYSIS

■ In *Patterson v. Brown,* 5 Vet.App. 362, 364–65 (1993), the Court noted that certain decisions by the Chairman of the BVA to deny reconsideration might be subject to judicial review by the Court. Not addressed was the question of whether a post-November 17, 1988, NOD is necessary to invoke the Court's jurisdiction in cases where a claimant asks for reconsideration. This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski,* 1 Vet.App. 2 (1990). As established by the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C.A. § 7251 note (West 1991)), this Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988. In the Court's recent decision in the case of *Hamilton v. Brown,* 4 Vet.App. 528 (1993) (en banc), the Court held that "[t]here can be only one valid NOD as to a particular claim until a **final** RO or BVA decision has been rendered in that matter, or the appeal has been withdrawn by the claimant." *Id.* at 538. (Boldface in original.) The Court holds that a jurisdictionally-valid NOD must have been submitted with respect to the claim for which reconsideration is sought in order to empower this Court to review a denial of such reconsideration by the Chairman of the Board. A motion for reconsideration is inextricably intertwined with the original claim. Absent a post-November 17, 1988, NOD, the Court has no discretion to hear an appeal.

## PAGADUAN v. BROWN

■ The veteran, Martin Pagaduan, had active service from December 9, 1941, to June 3, 1942, the date of the veteran's death. In April 1945, appellant, the widow of the veteran, filed an application for Pension or Compensation By Widow and/or Child of a Deceased Person who served in the Active Military or Naval Service of the United States with the Veterans' Administration (now the Department of Veterans Affairs) (VA) Regional Office (RO) in Manila. On August 18, 1947, the VARO determined appellant was not the legal widow of the veteran, and denied her claim for death compensation. On May 25, 1948, appellant submitted a letter to the Director, Dependents and Beneficiaries Claims Service, expressing disagreement with the VARO's denial of her claim for death compensation. On February 8, 1949, the Board issued a decision, dated January 19, 1949, denying appellant's claim for death compensation, basing the denial on the fact that appellant was not the legal widow of the veteran because the veteran had a previously undissolved marriage. Appellant has attempted to reopen her claim or to obtain reconsideration of her claim several times from 1953 to 1989. Each request was denied on the basis that no "new and material" evidence had been submitted to reopen her claim. No NOD was filed in connection with appellant's attempts to reopen her claim. Appellant filed a motion for reconsideration by the BVA on November 11, 1992. On January 5, 1993, the Chairman of the Board denied reconsideration of the January 19, 1949, decision.

The BVA decision on review before the Court was issued in February 1949. Appellant's NOD which initiated review of her claim by the Board was submitted in May 1948. As there is not a post-November 17, 1988, NOD, the Court holds that appellant's claim must be dismissed.

## SWAIN v. BROWN

■ The Board issued decisions denying appellant's claim of service connection for spastic paraplegia on February 12, 1981, July 8, 1982, February 13, 1985, November 19, 1986, and July 7, 1988. On January 11, 1990, appellant filed a Notice of Appeal with the Court indicating that the BVA decision being appealed was mailed on July 7, 1988. On March 9, 1990, the Court dismissed appellant's claim for lack of a jurisdiction-creating NOD. On December 7, 1992, January 3, 1993, January 10, 1993, and February 20, 1993, the BVA received correspondence from appellant, all of which were construed as

motions for reconsideration of the February 12, 1981, July 8, 1982, February 13, 1985, November 19, 1986, and July 7, 1988, BVA decisions. The Chairman of the Board denied appellant's motion for reconsideration on May 12, 1993.

The Court holds that appellant's claim must be dismissed for lack of a jurisdiction-creating NOD. Appellant could not have filed post-November 17, 1988, NOD, as the most recent decision rendered by the BVA was mailed on July 7, 1988.

The appeal is DISMISSED as to Pagaduan and Swain for lack of jurisdiction.