Santos B. MURILLO, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 94–22.

United States Court of Veterans Appeals.

Oct. 24, 1995.

Before NEBEKER, Chief Judge, and HOLDAWAY and IVERS, Judges.

### ORDER

PER CURIAM.

The Secretary has pending a motion to strike certain material transmitted as part of the record on appeal (ROA). The appellant has opposed the Secretary's motion. Subsequently, the Secretary filed a motion for clarification of the record, to which the appellant responded. The documents in dispute were transmitted on January 23, 1995, as part of the record on appeal before the Court. Record (R.) at 912–13, 916–22, 928–43, 945–48, and 950. At issue is whether documents that were not part of the "record of proceedings before the Secretary and the Board [of Veterans' Appeals (BVA or Board)]" (38 U.S.C. § 7252(b)) at the time the Board issued its decision nevertheless become part of that record when they are submitted in support of a motion for reconsideration that the BVA Chairman denies, and that denial is not appealed to the Court.

The appellant appeals a Board decision issued on April 16, 1993. In May 1993, the appellant requested reconsideration and submitted additional arguments and new medical evidence in support of the request. In September 1993, the Chairman denied the motion for reconsideration. The appellant does not appeal the denial of reconsideration. *See Patterson v. Brown,* 5 Vet.App. 362, 365 (1993) (Court will not review denial of reconsideration by Chairman unless there is allegation of new evidence or changed circumstances). He argues, however, that the

documents submitted after the BVA rendered its decision, but prior to the denial of reconsideration, are part of the record on appeal before the Court. In his response to the Secretary's motion for clarification of the record, the appellant points out that he has attempted to reopen his claim at the VA regional office (VARO) with the documents in question. Appended to the response, filed October 12, 1995, is the VARO's (copy undated) Statement of the Case, asserting that these documents are not new because "[t]he evidence was previously submitted and considered in the BVA decision of 4/16/93 and 9/20/93."

The Secretary acknowledges that he included the now disputed documents in his designation of the record (DOR) filed on March 23, 1994. They (Nos. 92 and 93) are identified in the DOR as follows: "Letter from Santos B. Murillo, to Board of Veterans Appeals, with attachments, dated May 1993"; and "Letter from Newton J. Friedman, M.D., with attachments, date stamped received August 1993." Along with a number of other items, the appellant listed these documents as item No. 6 in his counter designation of the record (CDR). In his CDR, the appellant also listed other documents that postdated the BVA decision, including some that postdated the denial of reconsideration.

The Secretary opposed inclusion of documents not identified in his DOR which postdated the April 16, 1993, decision, stating that they were not in the appellant's VA claims file. When the parties were unable to resolve their dispute concerning the content of the ROA, the Court on December 23, 1994, ordered that the post-decision items identified by the appellant and opposed by the Secretary would be excluded from the record. In January 1994, the Secretary transmitted the ROA, including the post-decision documents that he had not contested, and a copy of the September 20, 1993, letter from Richard B. Standefer, acting by direction of the Chairman, denying reconsideration.

Subsequently, the Secretary filed a motion to strike these documents, stating that he had complied with Court precedent in *Patterson, supra,* by including them, but that they should be stricken in compliance with the September 1994 decision of the U.S. Court of Appeals for the Federal Circuit in *Mayer v. Brown,* 37 F.3d 618, 619–20 (Fed.Cir.1994). In his motion, the Secretary contends that including these documents would be tantamount to the Court's reviewing the Chairman's denial of reconsideration, which *Mayer,* according to the Secretary, had held was beyond this Court's jurisdiction. The appellant argued that the record would be incomplete without these documents and that this case was distinguishable from *Mayer* (where this Court lacked jurisdiction of any direct appeal from a BVA decision). With the motion to strike still pending, the appellant filed a brief on August 24, 1995. The appellant's brief cites to documents that are the subject of the Secretary's pending motion to strike.

Because the appellant is not seeking review of the denial of reconsideration, we do not need to reach the issue the Federal Circuit left open in *Mayer,* i.e., whether this Court may review a denial of reconsideration by the Chairman. 37 F.3d at 620 n. 3. *Mayer* stated unequivocally, however, that "[a]n action by the Chairman is not a decision of the board." *Id.* at 620. Review in this Court is of final decisions of the Board. 38 U.S.C. § 7252(a). Review is on the record of proceedings before the Secretary and the Board. 38 U.S.C. § 7252(b). The Chairman is neither actually nor constructively "the Secretary" nor "the Board." *See generally* 38 U.S.C. § 7101.

Here, the BVA decision was final and appealable to this Court until the time when the appellant's motion for reconsideration temporarily stripped it of finality, to be restored when the Chairman denied reconsideration. *See Wachter v. Brown,* 7 Vet.App. 396 (1995). When the Chairman denied reconsideration in September 1993, finality for purposes of an appeal was restored to the April 16, 1993, decision. *Id.* at 397 (citing *Rosler v. Derwinski,* 1 Vet.App. 241, 249 (1991)). There is no basis, evidentiary or otherwise, to conclude that the documents postdating April 16, 1993, were before the Board when it rendered its decision. Accordingly, this Court's review is limited to documents in the record of proceedings before the Secretary and the Board on April 16,

1993. For the Court to base its review on documents not included in the Board's calculus at the time it rendered its decision would render the Court a fact finder de novo, exceeding its authority under the statutory scheme which establishes the Court as an appellate body. *See* 38 U.S.C. § 7261(c); *cf. Securities and Exchange Comm'n v. Chenery Corporation,* 318 U.S. 80, 87, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943) (grounds upon which an administrative order must be judged are those upon which record discloses that its action was based).

■ Where a BVA decision has become final and the Chairman denies reconsideration, new evidence must in the first instance be submitted to the VARO for a determination whether it is new and material evidence to reopen the appellant's claim. 38 U.S.C. § 5108; *see Glynn v. Brown,* 6 Vet.App. 523 (1994) (determination whether new and material evidence has been submitted is based on review of all evidence submitted after prior final decision of BVA or VA regional office).

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to strike is granted. The documents that postdate April 16, 1993 (R. at 912–13, 916–22, 928–43, 945–48, and 950), shall be lined through by the Clerk, and the Court will give no weight to arguments based on these extra-record materials. It is further

ORDERED that the Secretary's brief be filed not later than 30 days after the date of this order. The appellant's reply brief, should he choose to file one, is limited to arguments based on the ROA as constituted by this order. The Court recognizes the gaping inconsistency between the treatment by the VARO and by the VA General Counsel of the documents generated after the April 16, 1993, BVA decision, and trusts that the Secretary will take immediate action to insure that the VARO acts in compliance with applicable law in adjudicating efforts to reopen a claim. *See* 38 U.S.C. §§ 5108, 7252(c); 38 C.F.R. §§ 20.1001, 20.1100 (1994) (motion for reconsideration is acted upon by Chairman, who makes decision whether to grant or deny; BVA decision, other than remand decision, is final as of date stamped

thereon); *Mayer, supra* (action of Chairman is not decision of BVA).