98 F.3d 1356
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Herman E. GROSSMAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7043.
 United States Court of Appeals, Federal Circuit.
 Aug. 30, 1996.
 
 Before RICH, LOURIE, and CLEVENGER, Circuit Judges.
 ON MOTION
 LOURIE, Chief Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Herman E. Grossman's appeal. Grossman opposes.
 
 
 2
 On September 6, 1995, Grossman moved for reconsideration of an October 25, 1982 decision of the Board of Veterans Appeals that denied Grossman's claims for entitlement to service connection for frostbite and Raynaud's disease. The Chairman of the Board denied the motion, and Grossman filed an appeal with the Court of Veterans Appeals. The Secretary moved to dismiss the appeal on the ground that Grossman had not filed a valid notice of disagreement (NOD) on or after November 18, 1988. Grossman responded that he filed a NOD in 1993. The Court of Veterans Appeals determined:
 
 
 3
 The Court has jurisdiction only over cases in which an NOD was filed on or after November 18, 1988, see Veterans' Judicial Review Act, Pub.L. No. 100-687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note). The NOD leading to the October 25, 1982 BVA decision must, by definition, have predated November 18, 1988.
 
 
 4
 A reconsideration decision of the BVA is inextricably intertwined with the original claim filed by the appellant. "A jurisdictionally-valid NOD must have been submitted with respect to the claims for which reconsideration is sought in order to empower this Court to review a reconsideration decision issued by the BVA. Absent a post-November 17, 1988, NOD, the Court has no discretion to hear an appeal." See Pagaduan v. Brown, 6 Vet.App. 9 (1993).
 
 
 5
 The Court of Veterans Appeals thus dismissed Grossman's appeal. After the veterans court denied Grossman's motions for review, this appeal followed.
 
 
 6
 Pursuant to 38 U.S.C. § 7292, not every decision entered by the Court of Veterans Appeals is appealable. Section 7292(a) provides that a party may only seek review of a decision of the Court of Veterans Appeals with respect to the validity or interpretation of any statute or regulation relied on by the court in making its decision. Further, except to the extent that an appeal presents a constitutional issue, this court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). If an appellant's case does not meet those criteria, § 7292(d) requires this court to dismiss the appeal.
 
 
 7
 In his response, Grossman states that he is challenging the application of the law to the facts of his case, and he contends that the evidence he submitted to the Board supports a finding of 100% service connection for his disabilities. In addition, Grossman argues that he filed a jurisdiction-conferring NOD in 1993.* Grossman, however, does not challenge the validity or interpretation of any statute or regulation relied on by the Court of Veterans Appeals in making its decision, nor does Grossman raise any constitutional issues. Instead, Grossman challenges the veterans court's factual determinations and application of the law to the facts of this case. Because this court does not have jurisdiction over Grossman's appeal, 38 U.S.C. § 7292(d)(2), this case must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed.Cir.1992).
 
 
 8
 Accordingly,
 
 IT IS ORDERED THAT:
 
 9
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 10
 (2) The Secretary's motion to dismiss is granted.
 
 
 11
 (3) Each side shall bear its own costs.
 
 
 
 *
 The 1993 NOD is from Grossman's appeal of a recent regional office decision, the merits of which are not before this court