**Cofer G. COCHRAN, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–490.**

United States Court of Veterans Appeals.

July 29, 1992.

As Amended July 30, 1992.

Before MANKIN, Associate Judge.

## MEMORANDUM DECISION

MANKIN, Associate Judge:

Appellant seeks reversal of a December 21, 1990, Board of Veterans' Appeals (BVA or Board) decision which refused to grant service connection for postoperative residuals of a laminectomy, entitlement to an increased rating for a duodenal ulcer (currently evaluated as 20% disabling), and entitlement to an increased (compensable) rating for residuals of a postoperative pilonidal cyst. The Court has jurisdiction of the case pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance to which appellant filed a motion in opposition. The Court grants the Secretary's motion as to entitlement to an increased rating for a duodenal ulcer and the residuals of a postoperative pilonidal cyst, but denies the motion as to the issue of service connection for postoperative residuals of a laminectomy.

Pursuant to 38 U.S.C. § 7261(a)(4) (formerly § 4061(a)(4)), the Court reviews Board findings of fact under a "clearly erroneous" standard. "[I]f there is a 'plausible' basis in the record for the factual

determinations of the BVA, even if this Court might not have reached the same factual determinations, we cannot overturn them." *Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1990). Accordingly, the BVA's finding that "[i]t is not shown that the veteran experiences impairment of health manifested by anemia and weight loss associated with ulcer disease, or recurrent incapacitating episodes averaging 10 days or more in duration at least four or more times a year, such as would constitute 'moderately severe' disability" is not clearly erroneous. *Cofer G. Cochran,* BVA 90——, at 6–7 (Dec. 21, 1990). The evidence clearly presents a plausible basis for the Board's conclusion that appellant's duodenal ulcer disease is not more than the current 20% disabling under the criteria of 38 C.F.R. § 4.114a, Diagnostic Code (DC) 7305 (1991).

■ Likewise, appellant does not meet the criteria for a compensable disability rating for the residuals of a postoperative pilonidal cyst under 38 C.F.R. § 4.118, DC 7805 (1991). Thus, the BVA's finding that "[t]he scar at the site of a pilonidal cyst excision is not shown to be tender and painful on objective demonstration, nor is there any discernible functional impairment associated with that region of the body" must be upheld. The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)) as to the issues of entitlement to an increased rating for a duodenal ulcer and the residuals of a postoperative pilonidal cyst. *See Gilbert,* 1 Vet.App. 49.

■ On January 9, 1973, the BVA denied service connection for postoperative residuals of a laminectomy with spondylolysis of L–5. That decision became a final decision and is not subject to review by this Court. 38 U.S.C. § 7105 (formerly § 4005); 38 C.F.R. § 3.104(a) (1991) and 57 Fed.Reg. 4112–13, 4126 (1991) (to be codified at 38 C.F.R. §§ 20.302, 20.1104). The exception to the rule of finality is 38 U.S.C. § 5108 (formerly § 3008) which states:

> If new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim.

■ When a veteran attempts to reopen a previously denied claim based upon new evidence, "the BVA must perform a two-step analysis." *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991).

> First, the BVA must determine whether the evidence is "new and material". 38 U.S.C. [§ 5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* Here, the BVA first failed to determine whether the evidence submitted was new and material before it proceeded to reopen appellant's claim and find that it did not establish a new factual basis to support appellant's claim for service-connected residuals of a back operation. *Cochran,* BVA 90——, at 5.

■ The issue of whether "new and material" evidence was submitted is a legal question that this Court reviews de novo, without deference to the BVA's findings. *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). New evidence is "not that which is merely cumulative of other evidence on the record." *Id.* Material evidence "is relevant and probative of the issue at hand." *Id.* The evidence submitted consists primarily of various medical records from both private physicians and from the Veterans' Administration (now the Department of Veterans Affairs) (VA) dated since the last BVA decision, and the veteran's testimony given at a September 11, 1990, personal hearing before the BVA. The Court finds as a matter of law that appellant submitted new and material evidence, as there was "a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Colvin,* 1 Vet.App at 174.

■ The Court further finds that the Secretary failed to acquire certain medical

records of which he had notice. Where a well-grounded claim has been presented, the statutory duty to assist requires the VA to obtain all pertinent medical records which have been called to its attention by the veteran and the evidence of record. *See Ivey v. Derwinski,* 2 Vet.App. 320, 323 (1992); *Murincsak v. Derwinski,* 2 Vet.App. 363, 372 (1992). In his sworn testimony before the BVA, the veteran gave a detailed account of an accident that occurred while serving in a jet squadron of the 1st Marine Air Wing in South Korea in late 1954 to early 1955 in which he injured his spine and underwent back surgery and subsequent hospitalization. S.R. at 4–6. The veteran also mentioned that in 1970, Dr. James H. Wiley stated, after examining the surgery scars on his back, that some bones were missing from his spine. R. at 160. After a mining accident in October 1970, the veteran was seen by Dr. Wiley and Dr. Geary B. Edminston, both of whom described the 1970 back injury as a superimposed sprain type injury indicating a previous back injury. R. at 26, 52, 79. Appellant has consistently claimed that the back surgery performed in Korea weakened his back, making him more susceptible to the 1970 mining injury and is the cause of the subsequent back surgeries. See R. at 54, 87, 102, 111, 131, 132. None of these service records appear to have been sought or obtained by the VA, nor has any attempt been made to verify whether back surgery was performed in Korea as described by appellant.

There are other records referred to by the veteran that were neither requested nor reviewed by the VA in adjudicating appellant's claim for service-connected postoperative residuals of a laminectomy. In his July 1989 statement in support of his claim, the veteran referred to medical records from the VA Medical Center (VAMC) in Clarksburg, West Virginia, from 1985 to present, and to VAMC records in Pittsburgh from 1988 to present. R. at 130. A thorough examination of the record reveals that the veteran is receiving disability for his back problem from Worker's Compensation and the Social Security Administration. R. at 132. The failure to obtain these and the aforementioned records is a violation of the Secretary's duty to assist the veteran in developing the facts pertinent to his claim. 38 U.S.C. § 5107(a) (formerly § 3007(a)); *Godwin v. Derwinski,* 1 Vet.App. 419, 425 (1991); *Moore v. Derwinski,* 1 Vet.App. 401, 405 (1991); *Murphy v. Derwinski,* 1 Vet.App. 78, 80–81 (1990). Appellant's claim must be remanded for compliance with the duty to assist.

The BVA also failed in its obligation to address the credibility of the veteran's testimony. The sworn testimony of the veteran, if corroborated by the aforementioned medical records which the VA failed to obtain, is pertinent to developing the veteran's claim of service connection. The regulations regarding service connection do not require that a veteran must establish service connection through medical records alone. *See Cartright v. Derwinski,* 2 Vet.App. 24, 25 (1991). The Court holds that such a determination is needed here, and therefore remands the case to the BVA for that purpose. *See Wilson v. Derwinski,* 2 Vet.App. 16, 20 (1991); *Smith v. Derwinski,* 1 Vet.App. 235, 237–38 (1991).

It is well established that in order to enable a VA claimant to understand a decision and the reasons behind it, as well as to assist in judicial review, the BVA is required by 38 U.S.C. § 7104(d)(1) to include in its decisions "a written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions...." *Wilson,* 2 Vet.App. at 20. *See Smith,* 1 Vet.App. at 238; *Gilbert,* 1 Vet.App. at 58. Here, the BVA decision failed to include an analysis of the credibility or probative value of the evidence submitted by or on behalf of the veteran in support of his claim, or an explanation of the Board's finding that "service connection is not appropriately established solely on the basis of reported history" especially when the VA failed to comply with its duty to assist. *Cochran,* BVA 90–——, at 5.

The Board also failed to provide a statement of the reasons or bases for its implicit rejection of this evidence and its conclusion that the doctrine of reasonable doubt was

inapplicable. On June 22, 1989, Dr. Wiley concluded: "Insofar as the etiology of the defects in the parts interarticularis, it is quite possible that he could have sustained the injuries in Korea in [the] air raid as he describes." R. at 133. The BVA failed to provide appellant with a satisfactory explanation as to why it did not find Dr. Wiley's statement or appellant's sworn testimony credible, and especially why, under "the benefit of the doubt" rule in 38 U.S.C. § 5107(b), the evidence was not at least in relative equipoise, in which case "the law dictates that [the claimant] prevails". *Cartright*, 2 Vet.App. at 26; *Gilbert*, 1 Vet.App. at 54.

 Appellant has requested review of his appeal by a three-judge panel. This case does not require panel review. Summary disposition is appropriate, when as here, the issue is of relative simplicity and

1. does not establish a new rule of law;

2. does not alter, modify, criticize, or clarify an existing rule of law;

3. does not apply an established rule of law to a novel fact situation;

4. does not constitute the only recent, binding precedent on a particular point of law within the power of the Court to decide;

5. does not involve a legal issue of continuing public interest; and

6. the outcome is not reasonably debatable.

*Frankel v. Derwinski*, 1 Vet.App. 23, 25–26 (1990).

After consideration of the Secretary's motion, appellant's informal brief, and a review of the record, it is the holding of the Court that appellant has demonstrated that the BVA committed error which would warrant remand on the issue of service-connection for the postoperative residuals of a laminectomy.

The Secretary's motion is GRANTED in part and DENIED in part. The decision of the BVA is summarily AFFIRMED in part and VACATED in part as the matter is REMANDED in part to the BVA for readjudication in compliance with this Court's decisions. "[A] remand is meant to entail a critical examination of the justification for the decision," and not just a superficial rewriting of the decision. *Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991).