Cofer G. COCHRAN, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–594.

United States Court of Veterans Appeals.

Feb. 23, 1996.

Before KRAMER, MANKIN, and IVERS, Judges.

**ORDER**

PER CURIAM.

The appellant, Cofer G. Cochran, appeals an April 10, 1995, decision of the Chairman of the Board of Veterans' Appeals (Chairman), denying his motion for reconsideration of an August 13, 1993, decision of the Board of Veterans' Appeals (BVA or Board). The Secretary has filed a motion to dismiss the appeal for lack of jurisdiction. The procedural history follows.

The appellant originally filed for service connection for postoperative residuals of a laminectomy with spondylolysis of L–5 which was denied by the BVA on January 9, 1973. That decision was not appealed and became final.

In 1989, the appellant sought service connection for postoperative residuals of a laminectomy, entitlement to an increased rating for a duodenal ulcer, and entitlement to an increased rating for residuals of a postoperative pilonidal cyst. In December 1990, the Board denied service connection for all three claims. *Cofer G. Cochran*, BVA 90–____, (Dec. 21, 1990). The appellant filed a timely appeal with the Court.

In a July 29, 1992, memorandum decision, the Court granted in part and denied in part the Secretary's motion for summary affirmance. *Cochran v. Derwinski*, 2 Vet.App. 649, 650 (1992) (mem. dec.). The Court affirmed the BVA decision with respect to entitlement to an increased rating for a duodenal ulcer and the residuals of a postoperative pilonidal cyst but remanded the claim for postoperative residuals of a laminectomy. *Ibid.* The Court held that the BVA had failed to evaluate the laminectomy claim as a reopened claim and determined, on its de novo review, that the appellant had submitted new and material evidence. *Id.* at 651.

On August 13, 1993, the BVA, on remand, denied service connection for the residuals of

a laminectomy. *Cofer G. Cochran,* BVA 93–——, at 3 (Aug. 13, 1993). The appellant filed a timely appeal with the Court, and on July 6, 1994, the Court affirmed the BVA decision. *Cochran v. Brown,* No. 93–897, 1994 WL 330102 (Vet.App. July 6, 1994). Judgment was entered on July 27, 1994. That decision was not appealed and became final.

On February 2, 1995, the appellant filed a motion for reconsideration with the Chairman. Secretary's Motion (Mot.) to Dismiss at Exhibit 1. The Chairman denied the motion on April 10, 1995. Secretary's Mot. at Exhibit 2. On June 21, 1995, the appellant filed a Notice of Appeal with the Court, appealing the denial of the motion for reconsideration.

This Court has exclusive jurisdiction to review *"decisions of the [Board]."* 38 U.S.C. § 7252(a) (emphasis added); *Mayer v. Brown,* 37 F.3d 618, 619 (Fed.Cir.1994). In *Mayer,* the Court of Appeals for the Federal Circuit held that an action by the BVA Chairman is not a *decision of the Board* but rather an exercise of administrative authority. *Id.* at 620. The Federal Circuit further held that this Court may have jurisdiction to review a decision by the BVA Chairman in cases "only when the appellant files a timely appeal from a final decision of the [B]oard." *Id.* at 619.

 This Court does not have jurisdiction over the underlying appeal because the jurisdiction ended when the Court affirmed the BVA's final decision in July 1994. *See Cleary v. Brown,* 8 Vet.App. 305, 308 (1995). The appellant moved for reconsideration nearly 18 months after the final Board decision was issued. The motion was denied by the Chairman and the appellant filed a Notice of Appeal nearly two years after the issuance of the Board's final decision. Since the appeal was not timely, the Court lacks jurisdiction over the Chairman's denial of reconsideration. *Mayer,* 37 F.3d at 620.

On October 24, 1995, the Court ordered the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction. In the appellant's response to the order, he alleged that he did not receive a copy of his August 13, 1993, BVA decision. However, as the appellant filed a timely appeal with respect to the August 13, 1993, BVA decision, any failure by the BVA to properly mail its decision to the appellant, assuming such failure, was harmless because it did not result in prejudice to the appellant. *See* 38 U.S.C. § 7261(b) (providing that "the Court shall take due account of the rule of prejudicial error").

On consideration of the foregoing, it is

ORDERED that the Secretary's motion to dismiss for lack of jurisdiction is granted and this appeal is DISMISSED.