MAYER, Circuit Judge.
 

 James P. Mayer appeals the November 17, 1993, judgment of the United States Court of Veterans Appeals, No. 92-639, dismissing his appeal from the decision by the Chairman of
 
 *619
 
 the Board of Veterans Appeals denying his request for reconsideration of his claim. 6 Vet.App. 175. We affirm, but on different grounds.
 

 Background
 

 On November 7, 1990, the Board of Veterans Appeals (board) denied Mayer’s request for an increase in service-connected disability rating for his knee disorder. Mayer did not appeal the decision. More than 17 months later, however, he did file a motion for reconsideration with the Chairman of the board (Chairman). The Chairman denied reconsideration on April 29, 1992.
 

 Mayer then appealed the denial of his reconsideration request to the Court of Veterans Appeals (CVA), which dismissed the appeal for lack of jurisdiction. Mayer filed a motion for reconsideration by the CVA, which that court stayed pending resolution of another case,
 
 Patterson v. Brown,
 
 5 Vet.App. 362 (1993), in which the CVA addressed whether it may review a denial of a veteran’s reconsideration request by the Chairman.
 

 On November 17,1993, the CVA dismissed Mayer’s appeal, relying on
 
 Patterson.
 
 In
 
 Patterson,
 
 the court determined that it did have jurisdiction over decisions of the Chairman denying reconsideration of a board decision, but held that it would not exercise that jurisdiction where the veteran did not allege new evidence or changed circumstances as grounds for reconsideration. 5 Vet.App. at 364. Because Mayer’s petition for reconsideration raised no new evidence or changed circumstances, the CVA dismissed the appeal.
 

 Mayer then filed this appeal. The Secretary of Veterans Affairs moved to dismiss, but a panel of this court denied the motion and ordered the Secretary to brief the CVA’s interpretation of the statutes and cases involved in
 
 Patterson.
 

 Discussion
 

 Our jurisdiction to review decisions of the CVA is strictly limited by statute. 38 U.S.C. § 7292 (Supp. IV 1992);
 
 Livingston v. Derwinski,
 
 959 F.2d 224, 226 (Fed.Cir.1992). We may review a decision of the CVA with respect to the interpretation of any statute relied on by that court, including the CVA’s interpretation of its jurisdictional statutes. 38 U.S.C. § 7292(a);
 
 Albun v. Brown,
 
 9 F.3d 1528, 1530 (Fed.Cir.1993). In this case, we consider whether the CVA correctly interpreted its jurisdictional statute to allow review of decisions by the Chairman denying requests for reconsideration. We conclude that it did not.
 
 [1]
 

 The CVA’s jurisdiction is limited by statute to review of “decisions of the Board of Veterans’ Appeals.” 38 U.S.C. § 7252(a) (Supp. IV 1992). A person adversely affected by a board decision may file a notice of appeal, which must be filed within 120 days of the date on which notice of the decision was mailed.
 
 Id.
 
 § 7266(a). Compliance with this 120 day filing period is a prerequisite for jurisdiction in the CVA, and it cannot be waived or extended.
 
 Butler v. Derwinski,
 
 960 F.2d 139, 140 (Fed.Cir.1992). The CVA has jurisdiction only when the appellant files a timely appeal from a final decision of the board.
 

 The statute provides for two types of final board decisions. A decision by a section of the board is made by a majority of the members of the section. 38 U.S.C. § 7103(a) (Supp. IV 1992). These decisions are final, thus, “decisions of the Board of Veterans Appeals,” unless the Chairman orders reconsideration.
 
 [2]
 

 Id.
 
 If he does, the case then is heard by an expanded section, and a decision by a majority of that expanded section becomes the final decision of the board.
 
 Id.
 
 § 7103(b). Accordingly, the CVA may hear appeals from decisions by a section of the board, or, after reconsideration, those of the expanded section. These are the only actions that create jurisdiction in the CVA.
 

 
 *620
 
 An action by the Chairman is not a decision of the board. The Chairman exercises administrative control and supervision over the board, and is directly responsible to the Secretary.
 
 Id.
 
 § 7101(a). The Chairman has substantial administrative authority over the board, but he cannot act on or decide a ease for the board.
 
 See id.
 
 § 7102(e) (final disposition of any proceeding before the board made by section of the board). There is simply no statutory basis for jurisdiction in the CVA over acts or decisions of the Chairman absent some underlying final decision by the board. The CVA erred in concluding otherwise.
 

 The CVA’s impermissible expansion of its jurisdiction arises from its application of
 
 Patterson
 
 to Mayer’s case. In
 
 Patterson,
 
 the CVA determined that its jurisdictional statute, section 7252, expressly incorporated section 7261, which authorizes the court,
 
 inter alia,
 
 to “hold unlawful and set aside decisions, findings ..., conclusions, rules and regulations issued or adopted by the Secretary, the Board of Veterans’ Appeals, or the Chairman of the Board.” 5 Vet.App. at 364 (quoting 38 U.S.C. § 7261(a)(3)). The CVA held that “the plain meaning of § 7252 and § 7261, taken together, is that the decisions by the Chairman of the BVA to deny reconsideration are subject to judicial review by this Court.” 5 Vet.App. at 364. In Mayer’s case, the CVA seems to have applied this reasoning to allow review of the Chairman’s denial of reconsideration even though there was no underlying appeal from a final decision by the board.
 

 Unlike this case, in
 
 Patterson
 
 the CVA had jurisdiction to review the veteran’s underlying appeal. The veteran had timely appealed a decision by a board section. The CVA stayed the appeal while the veteran sought reconsideration. When the Chairman denied reconsideration, the veteran asked the CVA to review that decision, and the court lifted its stay, decided it had jurisdiction, but declined to exercise that jurisdiction because the veteran offered no new evidence and did not allege any changed circumstances. 5 Vet.App. at 363.
 

 But while section 7261 may allow the CVA to review actions of the Chairman in cases where it already has jurisdiction by virtue of a timely appeal from a final board decision, it does not independently grant jurisdiction over such actions.
 
 [3]
 
 It is apparent that Congress intended only that “[t]he extent of the review [in the CVA] shall be limited to the scope provided in section 7261....” 38 U.S.C. § 7252(b). Section 7261 merely sets out the scope of the review to be conducted by the CVA in cases within its jurisdiction; it does not itself create jurisdiction in the CVA. To the extent that
 
 Patterson
 
 says otherwise, it is incorrect.
 

 Mayer failed to appeal the board’s decision in his case within the 120 day period for filing an appeal. Although he did attempt to file a timely appeal of the Chairman’s decision denying his request for reconsideration by the board, the CVA had no jurisdiction to consider the Chairman’s denial of reconsideration. The CVA should have dismissed Mayer’s appeal for lack of jurisdiction.
 

 Conclusion
 

 Accordingly, the judgment of the Court of Veterans Appeals is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . Because we conclude that the CVA had no jurisdiction to hear Mayer's appeal in the first instance, we do not reach the merits of his appeal to this court.
 

 [2]
 

 . The Chairman’s decision to grant or deny reconsideration is governed by regulations promulgated by the Department of Veterans Affairs. 38 C.F.R. § 20.1000
 
 et seq.
 
 (1993).
 

 [3]
 

 . The Secretary suggests that the Chairman's decision to grant or deny reconsideration is entirely discretionary and not reviewable in any court, even when the appellant files a timely appeal from a final board decision. Because this question is not presented by the facts of this case, we do not reach it today.