47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hermogena IGNACIO, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7081.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing Hermogena Ignacio's appeal for lack of jurisdiction. Ignacio has not responded.
 
 
 2
 On October 26, 1976, the Board of Veterans Appeals denied Ignacio's appeal of a determination that she had forfeited all rights, claims, and benefits under the laws administered by the Veterans Administration. In 1992, Ignacio sought reconsideration of that decision by the Chairman of the Board. The Chairman denied reconsideration. Ignacio also sought to reopen her claim at the regional office.
 
 
 3
 Ignacio appealed the Chairman's denial to the Court of Veterans Appeals and also petitioned for a writ of mandamus to compel the regional office to grant her benefits. The Court of Veterans Appeals dismissed Ignacio's appeal for lack of jurisdiction on the ground that Ignacio had not filed a Notice of Disagreement before November 18, 1988. The Court of Veterans Appeals also denied Ignacio's petition for a writ of mandamus stating that Ignacio "has not shown a clear and indisputable right to the writ because she has not shown that the Secretary, RO, or BVA have refused to act upon her claim or have otherwise acted unreasonably in the processing of her claim."
 
 
 4
 The Court of Veterans Appeals decision both dismissed Ignacio's appeal and denied her petition for writ of mandamus. Although the Secretary states that he believes that the issue of the Court of Veterans Appeals denial of Ignacio's petition is moot, we address these dispositions separately.
 
 
 5
 With regard to the Chairman's denial of reconsideration, this court stayed Ignacio's appeal pending our decision in Mayer v. Brown, no. 94-7038. This court's decision in Mayer issued on September 23, 1994. Mayer v. Brown, 37 F.3d 618 (Fed. Cir. 1994). In Mayer, we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. Mayer v. Brown, 37 F.3d at 620. We explained that while the Court of Veterans Appeals may have jurisdiction to review actions of the Chairman when it already has jurisdiction by virtue of a timely appeal from a final Board decision, it does not have statutory authority to exercise independent jurisdiction over a decision of the Chairman of the Board of Veterans Appeals. Id.
 
 
 6
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case partially involved the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of a motion for reconsideration in the absence of an appeal of a Board decision. Because the Court of Veterans Appeals dismissed Ignacio's appeal for lack of jurisdiction, albeit on different grounds, summary disposition is proper. However, summary disposition is proper only with regard to the portion of the Court of Veterans Appeals' judgment dismissing Ignacio's appeal for lack of jurisdiction.
 
 
 7
 With regard to the appeal from the denial of the petition for a writ of mandamus, this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. 38 U.S.C. Sec. 7292. If an appeal to this court from the Court of Veterans Appeals does not challenge the validity or interpretation of a statute or regulation, or the interpretation of a constitutional provision, Sec. 7292(d) requires this court to dismiss the appeal. That section states that this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case."
 
 
 8
 In her response to the Secretary's status report, Ignacio argues that the Court of Veterans Appeals erred by failing to determine that the regional office's forfeiture proceeding violated her constitutional guarantees of equal protection and due process. Although Ignacio frames her argument in constitutional terms, this court may only review the interpretation of a constitutional provision that the Court of Veterans Appeals relied on in its decision. In this case, the Court of Veterans Appeals did not rely on any constitutional provision in its decision. Rather, the Court of Veterans Appeals determined that Ignacio failed to establish that she was entitled to the extraordinary relief of mandamus. Essentially, Ignacio seeks review of the Court of Veterans Appeals' application of the law to the facts of her case. As this court has no jurisdiction to conduct the inquiry that Ignacio requests, this appeal must be dismissed. See Livingston v. Derwinski, 959 F.2d 224, 225-26 (Fed. Cir. 1992).
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 (1) The Secretary's motion for summary affirmance is granted in part; that portion of the Court of Veterans Appeals' order dismissing Ignacio's appeal for lack of jurisdiction is summarily affirmed.
 
 
 11
 (2) We, sua sponte, dismiss for lack of jurisdiction that portion of the Court of Veterans Appeal's order denying Ignacio's petition for writ of mandamus.
 
 
 12
 (3) Each side shall bear its own costs.