47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William A. DANCY, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 94-7109.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(e) and to dismiss William A. Dancy's appeal for lack of jurisdiction. In the alternative, the Secretary moves for summary affirmance of the Court of Veterans Appeals' judgment dismissing Dancy's appeal for lack of jurisdiction. Dancy has not responded.
 
 
 2
 On October 26, 1990, the Board of Veterans Appeals denied Dancy's claim for entitlement to service connection for neoplasm of the chest and for viral conjunctivitis and denied Dancy a total rating based on individual unemployability. On November 15, 1993, Dancy filed a motion to reconsider with the Chairman of the Board. The Chairman denied the motion on January 28, 1994.
 
 
 3
 Dancy appealed the Chairman's denial to the Court of Veterans Appeals. The Court of Veterans Appeals dismissed for lack of jurisdiction noting that Dancy's motion for reconsideration did not "allege new evidence or changed circumstances such that the court may exercise jurisdiction to consider the challenge to the Chairman's denial of reconsideration."
 
 
 4
 Meanwhile, this court was considering the issue of whether the Court of Veterans Appeals had jurisdiction to review a denial of reconsideration by the Chairman. In Mayer v. Brown, 37 F.3d 618 (Fed. Cir. 1994), we held that the Court of Veterans Appeals does not have jurisdiction to review the Chairman's denial of reconsideration under circumstances similar to these. Mayer v. Brown, 37 F.3d at 620. We explained that while the Court of Veterans Appeals may have jurisdiction to review actions of the Chairman when it already has jurisdiction by virtue of a timely appeal from a final Board decision, it does not have statutory authority to exercise independent jurisdiction over a decision of the Chairman of the Board of Veterans Appeals. Id. In this instance, Dancy failed to file a timely appeal of the Board's decision to the Court of Veterans Appeals. Thus, under Mayer, the Court of Veterans Appeals lacked jurisdiction over his appeal.
 
 
 5
 Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994). In the present case, it is clear that summary disposition is warranted. This case involved the same issue that was presented in Mayer. As in Mayer, the Court of Veterans Appeals had no jurisdiction to review the Chairman's denial of a motion for reconsideration in the absence of an appeal of a Board decision. Because the Court of Veterans Appeals dismissed Dancy's appeal for lack of jurisdiction, albeit on different grounds, summary disposition is proper.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The Secretary's motion for summary affirmance is granted.
 
 
 8
 (2) The Secretary's alternative motions to waive Fed. Cir. R. 27(e) and to dismiss are moot.
 
 
 9
 (3) Each side shall bear its own costs.