**Paul S. JORDAN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 95–274.

United States Court of Veterans Appeals.

Dec. 1, 1995.

Before KRAMER, FARLEY, and HOLDAWAY, Judges.

## ORDER

PER CURIAM.

This is an appeal of a December 7, 1994, decision of the Chairman of the Board of Veterans' Appeals (Chairman) denying the appellant's motion for reconsideration of an August 30, 1990, decision of the Board of Veterans' Appeals (BVA or Board). The Secretary of Veterans Affairs (Secretary) has filed a motion to dismiss this appeal for lack of subject matter jurisdiction.

The procedural history of this appeal may be summarized as follows: On March 4, 1991, the appellant, Paul S. Jordan, filed a Notice of Appeal (NOA) as to the August 30, 1990, BVA decision. This appeal was voluntarily withdrawn on August 2, 1991, and was reinstated on December 23, 1993. On August 8, 1994, while the appeal was pending before this Court, the appellant filed with the Chairman a request for reconsideration of the Board's decision. On August 16, 1994, this Court dismissed the appeal based on an untimely NOA. On December 7, 1994, the Chairman denied reconsideration of the BVA decision. The appellant commenced this appeal of the Chairman's denial of reconsideration by filing an NOA with the Court on March 25, 1995.

The Court's jurisdiction is limited by statute to review of decisions of the Board. 38 U.S.C. § 7252(a); *Mayer v. Brown,* 37 F.3d 618, 619 (Fed.Cir.1994). In *Mayer,* the Federal Circuit held that an "action by the Chairman is not a decision of the [B]oard." *Id.* at 620. *Mayer* further held that "while [38 U.S.C. § 7261] may allow the C[ourt of] V[eterans] A[ppeals] to review actions by the Chairman in cases where it already has jurisdiction by virtue of a timely appeal from a final [B]oard decision, it does not independently grant jurisdiction over such actions." *Ibid.*

Having dismissed the appeal of the BVA decision on August 16, 1994, the Court did not have jurisdiction over the underlying appeal on March 25, 1995, the date on which the appellant commenced an appeal of the Chairman's denial of reconsideration. The Court, therefore, lacks subject matter jurisdiction over the Chairman's denial of reconsideration. *Mayer,* 37 F.3d at 620. Moreover, as "the law whenever possible reaches for repose," *Burson v. Carmichael,* 731 F.2d 849, 854 (Fed.Cir.1984), the Court declines to sua sponte vacate its previous dismissal of the appeal of the BVA decision in order to assume jurisdiction over an appeal of the Chairman's decision. *See Hamilton v. Brown,* 4 Vet.App. 528, 540 (1993) (noting the "strong disinclination" of the Court "to apply [a changed jurisdictional] rule retroactively, absent extraordinary good cause to do so").

On consideration of the foregoing, it is

ORDERED that the motion of the Secretary is granted, and this appeal is DIS-

MISSED for lack of subject matter jurisdiction.