**Harry J. TRICE, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–1153.**

United States Court of Veterans Appeals.

July 11, 1996.

Before KRAMER, FARLEY, and STEINBERG, Judges.

### ORDER

PER CURIAM.

On May 22, 1996, counsel for the appellant filed a motion for panel review of the Court's May 14, 1996, order that summarily affirmed the September 27, 1995, Board of Veterans' Appeals (BVA) decision which had found that the appellant had not presented a claim with legal merit as to whether there was clear and unmistakable error (CUE) in prior BVA decisions in 1974 and 1981. The appellant now argues that his claim is not based on CUE, but rather on the reasoning that the 1974 and 1981 BVA decisions were the result of "obvious" error under 38 U.S.C. § 7103(c).

The appellant relies on *Chisem v. Brown,* 4 Vet.App. 169, 177 (1992), in which the Court remanded to the Board for initial adjudication an issue of "obvious error" in a 1953 Board decision that had been duly raised to the Board. The Court there held that the Board was required to "*consider* such a claim." *Ibid.*

█ A claim that there is error in a prior BVA decision, rather than only the decision on appeal, is by definition a claim for CUE, a matter which the Court lacks jurisdiction to

review, because the Board has no jurisdiction over such a claim. *See Smith (William) v. Brown*, 35 F.3d 1516, 1523 (Fed.Cir.1994); *Talbert v. Brown*, 7 Vet.App. 352, 355 (1995); *Duran v. Brown*, 7 Vet.App. 216, 223–24 (1994).

■ For purposes of this motion, the Court assumes, without deciding, that the appellant had raised the issue of obvious error before the BVA issued its September 1995 decision, an assumption considerably in doubt, *see* Secretary's Motion for Summary Affirmance, Exhibit 3 (June 18, 1992, letter from appellant's attorney to VA which mentions the issues of CUE and reopening), Exhibit 4 (July 21, 1992, Notice of Disagreement with RO decision, no specific issue mentioned), Exhibit 5 (August 25, 1992, VA Form 1–9, Appeal to the BVA, and attached letter identifying the issue as CUE), Exhibit 6 (April 19, 1993, Personal Hearing before the BVA stating that "the original denial was error"). However, such issue could be addressed only by the Chairman of the BVA with respect to whether to grant reconsideration of a previous BVA decision. *See* 38 U.S.C. § 7103(c); 38 C.F.R. § 20.1001(c) (1995) (whether BVA decision is to be reconsidered is matter to be determined by BVA Chairman); *see also* 38 C.F.R. § 20.1000 (1995).

As to such motions for BVA reconsideration, the U.S. Court of Appeals for the Federal Circuit in *Mayer v. Brown*, 37 F.3d 618, 620 (Fed.Cir.1994), overruled a prior decision of this Court in *Patterson v. Brown*, 5 Vet.App. 362 (1993), and held that although 38 U.S.C. § 7261 may allow this Court to review actions of the BVA Chairman in cases where the Court has jurisdiction over the final BVA decision to which the motion for reconsideration relates, section 7261 does not independently grant jurisdiction over such actions. Here, the appellant's July 1995 motion for reconsideration relates to 1974 and 1981 BVA decisions, and the Court does not have jurisdiction over those underlying BVA decisions. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) (Court has jurisdiction to review only those final BVA benefits decisions prior to which

NOD was filed on or after November 18, 1988, as to underlying decision of RO or other agency of original jurisdiction). Accordingly, under *Mayer, supra,* decided subsequent to *Chisem, supra,* the Court does not have jurisdiction over the September 1995 BVA Chairman's denial of that motion. To the extent that *Chisem* held to the contrary, it has been superseded by the Federal Circuit decision in *Mayer.*

Upon consideration of the foregoing, it is

ORDERED that the motion for review is DENIED.