104 F.3d 374
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James J. GARCIA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7051.
 United States Court of Appeals, Federal Circuit.
 Nov. 25, 1996.
 
 Before NEWMAN, SCHALL, and BRYSON, Circuit Judges.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for summary affirmance of the Court of Veterans Appeals' decision dismissing James J. Garcia's appeal for lack of jurisdiction. Garcia has not responded.
 
 
 2
 On May 23, 1994, the Board of Veterans Appeals denied Garcia's claim to service connection for various psychiatric disorders. More than 120 days later, Garcia filed a motion for reconsideration of the Board's decision with the Chairman of the Board, which was denied on February 3, 1995. Garcia filed an appeal with the Court of Veterans Appeals on May 3, 1995.
 
 
 3
 The Court of Veterans Appeals dismissed Garcia's appeal on the ground that it was untimely. The veterans court noted that Garcia had filed neither his notice of appeal nor his motion for reconsideration within the 120-day period and thus dismissed Garcia's appeal for lack of jurisdiction. This appeal followed.
 
 
 4
 The Secretary contends that the Court of Veterans Appeals' decision dismissing Garcia's appeal should be summarily affirmed. We agree. Summary disposition of a case "is appropriate, inter alia, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." Joshua v. United States, 17 F.3d 378, 380 (Fed.Cir.1994). Here, Garcia argues in his brief that the time to file a notice of appeal with the Court of Veterans Appeals did not begin to run until the Chairman denied Garcia's motion for reconsideration. In Mayer v. Brown, 37 F.3d 618, 619 (Fed.Cir.1994), we held that the Court of Veterans Appeals jurisdiction is limited under 38 U.S.C. § 7252(a) to decisions of the Board and that "[c]ompliance with this 120 day filing period is a prerequisite for jurisdiction in the CVA, and it cannot be waived or extended." Id. Because Mayer had not timely appealed the Board's decision, we concluded that the Court of Veterans Appeals lacked jurisdiction. The same circumstances are presented in this case. We conclude, therefore, that the Court of Veterans Appeals' decision dismissing Garcia's appeal must be summarily affirmed on the basis of Mayer.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion for summary affirmance is granted.
 
 
 7
 (2) Each side shall bear its own costs.