**Richard W. WILSON, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 97–2304.

United States Court of Veterans Appeals.

June 3, 1998.

Before HOLDAWAY, IVERS, and STEINBERG, Judges.

## ORDER

PER CURIAM:

On December 22, 1997, the appellant filed a Notice of Appeal (NOA) from the October 2, 1997, decision of the Senior Deputy Vice Chairman of the Board of Veterans' Appeals (Board or BVA) denying the appellant's March 8, 1997, motion for reconsideration of March 4, 1949, July 19, 1951, and December 1, 1955, BVA decisions. The Secretary later moved to dismiss for lack of jurisdiction, asserting that the appellant's Notice of Disagreement (NOD) is jurisdictionally ineffective. On March 23, 1998, the appellant filed a response to the Secretary's motion. The appellant argues that six additional NODs were filed after November 18, 1988, and that the Court has jurisdiction over this appeal.

█ This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed.Cir.1991); *Skinner v. Derwinski,* 1 Vet. App. 2 (1990).

Pursuant to 38 U.S.C. § 7266(a), in order for a claimant to obtain review of a BVA decision by this Court, that decision must be final and the person adversely affected by that decision must file an NOA within 120 days after the date on which notice of the BVA decision was mailed. In addition, pursuant to section 402 of the Veterans' Judicial Review Act, Pub.L. No. 100–687, § 402, 100 Stat. 4108, 4122 (1988) (found at 38 U.S.C. § 7251 (note)), this Court has jurisdiction only over appeals in which an NOD was filed on or after November 18, 1988, as to the action of the Department of Veteran's Affairs agency of original jurisdiction (usually a regional office) that underlies the BVA decision that the appellant seeks to appeal. There is one exception to this NOD requirement. Pursuant to the Revision of Veterans' Benefits Decisions Based on Clear and Unmistakable Error Act (CUE Act), Pub.L. No. 105–111, 111 Stat. 2271 (1997) (to be codified at 38 U.S.C. §§ 5109A, 7111, 7251), this Court would have jurisdiction to review a BVA decision which considered a claim alleging clear and unmistakable error (CUE) in a previous BVA decision, if that claim was pending at the Board or in this Court, the Federal Circuit, or the U.S. Supreme Court or was filed on or after November 21, 1997.

█ In this case, the appellant attempts to appeal a denial of reconsideration by the BVA Senior Deputy Vice Chairman. Such motions are inextricably intertwined with the original claim filed by the appellant and the resulting BVA decision. The BVA decisions which the appellant seeks to appeal were issued in March 1949, July 1951, and December 1955. By operation of law, the NODs which initiated review of the appellant's claims by the BVA were all submitted prior to November 18, 1988. Consequently, the Court does not have jurisdiction to review these BVA decisions directly, and under *Mayer v. Brown,* 37 F.3d 618 (Fed.Cir.1994), the Court cannot have jurisdiction over the denial of the motion for reconsideration as to a BVA decision unless there is a jurisdiction-conferring NOD and a timely NOA as to such a BVA decision. There is no final BVA decision addressing CUE in a prior BVA decision pursuant to the CUE Act. Thus, there is no basis for the Court to assert its jurisdiction over any of the BVA's decisions.

Moreover, although the motion for reconsideration asserts CUE in a prior BVA decision, the Court lacks jurisdiction under the CUE Act over any denial of that motion even if it were to be construed as a CUE claim. Although the CUE Act obviates this Court's need for a jurisdiction-conferring NOD as to a claim of CUE in a prior final BVA decision that can be raised under that Act (by virtue of 38 U.S.C. § 7111), it does so only for such a CUE claim "if that claim is filed after, or

was pending before the Department of Veterans Affairs, the Court of Veterans Appeals, the Court of Appeals for the Federal Circuit, or the Supreme Court on the date of the enactment of [the CUE] Act", which was November 21, 1997. Pub.L. No. 105–111, § 1(c)(2), 111 Stat. at 2272. The appellant's motion for BVA reconsideration was filed in March 1997 and thus cannot be a CUE claim "filed after … the enactment of [the CUE] Act". Moreover, the motion for BVA reconsideration was denied by the Board on October 2, 1997, and the appellant did not file an NOA with this Court until December 22, 1997, so no such CUE claim was "pending" before the Board or this Court at the time of the enactment of the CUE Act on November 21, 1997.

Upon consideration of the foregoing, it is

ORDERED that the Secretary's motion is granted and this appeal is DISMISSED.