SCHOELEN, Judge,
dissenting:
As a preliminary matter, it is clear that the appeal of the underlying June 13, 2002, Board decision is untimely. The decision in Browne v. Principi, 16 Vet.App. 278 (2002), is a logical extension of the longstanding tolling principle articulated in Rosler v. Derwinski, 1 Vet.App. 241 (1991). Because the motion to vacate in this case was filed more than 120 days after the date of mailing of the underlying Board decision, the appeal of the underlying Board decision is untimely and must be dismissed. However, for the reasons stated below, I disagree with the holding that the Court lacks jurisdiction over Board decisions on motions to vacate.
The Court finds that “it is of little consequence ... whether Deputy Vice Chairman Pereles was acting in his capacity as a Board member rendering a Board decision or ... acting on the Chairman’s behalf.” Ante at 240 n. 1. To the contrary, it is critically important to decide whether the decision on Mr. Harms’s motion to vacate is a decision by the Board or a decision by the Chairman through his designee. In Mayer v. Brown, 37 F.3d 618, 620 (Fed.Cir.1994), the Federal Circuit held that “[a]n action by the Chairman is not a decision of the [Bjoard.” Because 38 U.S.C. § 7252(a) grants the Court jurisdiction only over “decisions of the Board,” the Federal Circuit held that this Court lacks jurisdiction over a decision by the Chairman or his designee denying a motion for reconsideration. Id. at 619; com/pare 38 U.S.C. § 7103(a), (b) (granting authority to the Board Chairman to act on motions for reconsideration) with 38 U.S.C. §§ 7103(c) (stating that the Board may correct an obvious error in the record), 7102(a) (stating that a member or panel of the Board shall make a determination on any proceeding, “including any motion filed in connection therewith”), and 38 C.F.R. § 20.904 (2005) (stating that the Board may vacate a prior Board decision).
In this case, I am satisfied with the parties’ assertions that Deputy Vice Chairman Pereles rendered a decision on Mr. Harms’s motion to vacate in his capacity as a Board member and not as a designee of the Chairman. As provided by § 20.904, only the Board may act on a motion to vacate. Absent clear evidence to the contrary, the Board and the Chairman are presumed not to have acted in contravention of this regulation. See Marsh v. Nicholson, 19 Vet.App. 381, 385 (2005) (stating that there is a presumption “that public officers perform their duties “ ‘correctly, fairly, in good faith, and in accordance with law and governing regulations” ’ ” (quoting Alaska Airlines, Inc. v. Johnson, 8 F.3d 791, 795 (Fed.Cir.1993))); Ashley v. Derwinski, 2 Vet.App. 62, 65 (1992) (holding that the presumption of regularity applies to official acts of public officers absent clear evidence to the contrary). The mere fact that Deputy Vice Chairman Pereles signed the decision on the motion to vacate as a “Deputy Vice Chairman” rather than as a “Veterans Law Judge” does not constitute the type of clear evidence necessary to overcome the presumption of regularity. Because there is no clear evidence in this case that Deputy Vice Chairman Pereles was acting as a designee of the Chairman, such as an explicit statement that he was delegated authority to rule on the motion pursuant to 38 C.F.R. § 20.102(b) (2003), I would hold that the decision on Mr. Harms’s *251 motion to vacate was a decision of the Board.
The Court’s jurisdiction over the Board’s denial of Mr. Harms’s motion to vacate is not precluded because the motion to vacate was filed more than 120 days after the Board issued its decision on the merits of his claim. Although the Federal Circuit held in Mayer, supra, that the Court did not have jurisdiction over a motion for reconsideration filed outside the 120-day judicial appeal period, I believe that Mayer is inapposite to this case. In holding that the Court lacked jurisdiction over the Board Chairman’s decision on a motion for reconsideration, the Mayer Court referred to the Court’s jurisdictional statute, which grants jurisdiction to review “decisions of the Board.” 37 F.3d at 619; see 38 U.S.C. § 7252(a). In holding that the Court did not have jurisdiction over a motion for reconsideration filed after the expiration of the 120-day judicial-appeal period, the Mayer Court was considering whether this Court has jurisdiction over a decision by the Chairman and not a decision by the Board. As noted above, section 7252(a) only grants jurisdiction to the Court over Board decisions and not over decisions by the Chairman. Thus, I do not read Mayer to preclude our exercise of jurisdiction of a Board decision denying a motion to vacate solely because the motion to vacate was filed more than 120 days after the Board issued the underlying decision. Because Congress has granted the Court jurisdiction over “decisions of the Board” and the denial of the motion to vacate was a decision by the Board, so long as the appeal of the denial of the motion to vacate is filed within 120 days after notice of the decision is mailed to the appellant, the Court has jurisdiction to review the Board’s decision on the motion.
Although I believe the Court generally has jurisdiction over final decisions on a motion to vacate, principles of finality limit the scope of the Court’s review. In this regard, we are bound by the Supreme Court’s conclusion in I.C.C. v. Brotherhood of Locomotive Engineers, 482 U.S. 270, 284, 107 S.Ct. 2360, 96 L.Ed.2d 222 (1987), that “the agency’s refusal to go back over ploughed ground is nonreviewable.” This broad conclusion would generally preclude review of the Board’s denial of a motion to vacate, even if the motion to vacate was filed within 120 days of the underlying Board decision. Id. However, in Locomotive Engineers, the Supreme Court held that there were certain instances where such a collateral attack on a prior decision does not amount to going back over ploughed ground. Specifically, the Supreme Court found that “[i]f the petition [(or in this case, the motion to vacate)] that was denied sought reopening on the basis of new evidence or changed circumstances review is available and abuse of discretion is the standard.” Id. at 284, 107 S.Ct. 2360.
Whether, in his motion to vacate, Mr. Harms has alleged anything that would constitute “new evidence” or “changed circumstances” that would allow that Court to review the Board’s denial of his motion to vacate is not a question that I would decide without the assistance of briefing from the parties. Id. at 278, 107 S.Ct. 2360. However, a discovery of a due process error or the discovery that a decision was based on false or fraudulent evidence appears, on its face, to be either “new evidence” or “changed circumstances” permitting the Court to exercise jurisdiction over a motion to vacate a Board decision, regardless of whether the motion to vacate was filed within 120 days after the Board issued the underlying decision. See Locomotive Eng’rs, supra; 38 C.F.R. § 20.904(a), (b).
*252 Finally, I disagree with the Court’s implication that the Board’s denial of a motion to vacate is somehow unreviewable because § 20.904(a) is permissively worded. Nothing limits the nature of the Board decision that the Court may review. See 38 U.S.C. § 7252, 7266; Russell v. Principi 3 Vet.App. 310, 314-15 (1992) (en banc); cf. 5 U.S.C. § 701(a)(2) (precluding judicial review under the Administrative Procedure Act of actions when “agency action is committed to agency discretion by law”).
The Court would review the Board’s denial of a motion to vacate for abuse of discretion. See 38 U.S.C. § 7261(a)(3)(A) (stating that the Court “shall ... hold unlawful and set aside” Board decisions found to be “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law” (emphasis added)). In the event the Board abuses its discretion, the Court is obligated to “hold unlawful and set aside” such a decision. Id.; see also Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704, 710, 163 L.Ed.2d 547 (2005) (“Discretion is not whim, and limiting discretion according to legal standards helps promote the basic principle of justice that like cases should be decided alike.”). Furthermore, I believe that it would generally be an abuse of discretion for the Board to deny a motion to vacate in cases where the Secretary has already conceded due process error. See 38 C.F.R. § 20.904(a); see also Locomotive Eng’rs, 482 U.S. at 278, 107 S.Ct. 2360 (stating that the lawfulness of a refusal to reopen a prior decision is reviewable and that a standard other than “arbitrary, capricious, or abuse of discretion” would be appropriate in cases where the law requires reopening).
Accordingly, I respectfully dissent from the Court’s dismissal of the appeal of the Board’s October 30, 2003, decision denying the motion to vacate.