PER CURIAM.

ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Darrell J. Hampton’s appeal from the United States Court of *948 Appeals for Veterans Claims’ judgment in Hampton v. Nicholson, 03-0927, for lack of jurisdiction.
On May 11, 2003, Hampton filed an appeal with the Court of Appeals for Veterans Claims, seeking review of a March 14, 2003 decision of the Chairman of the Board of Veterans’ Appeals. Hampton had sought reconsideration, by the Chairman, of the Board’s decisions dated February 9, 2000 and May 15, 2002. Hampton argued that he had not received the Board’s May 15, 2002 decision until September of 2002. Hampton did not argue that he had not timely received the February 9, 2000 decision. The court found that Hampton had actual notice of the Board’s 2002 decision because the record indicated that he called to complain about the Board’s decision within five days after the Board’s 2002 decision issued. The Court of Appeals for Veterans Claims dismissed the appeal as untimely because Hampton’s request for reconsideration was filed more than 120 days after the Board’s decisions. See Mayer v. Brown, 37 F.3d 618 (Fed.Cir. 1994).
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
Hampton’s appeal constitutes a challenge to a factual determination i.e., when he received the Board’s decision or had notice of the Board’s decision. Thus, this court does not have jurisdiction over the appeal. 38 U.S.C. § 7292(d)(2).
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motions are granted.
(2) Each side shall bear its own costs.