NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7204

HENRY L. KINCE,

Claimant-Appellant,

v.

R. JAMES NICHOLSON,
Secretary of Veterans Affairs,

Respondent-Appellee.

DECIDED: December 7, 2006

Before SCHALL, LINN, and DYK, Circuit Judges.

PER CURIAM.

DECISION

Henry L. Kince appeals from the April 12, 2006 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that dismissed for lack of jurisdiction his appeal of the decision of the Board of Veterans' Appeals ("Board") denying his motion for reconsideration of two Board decisions, each dated March 8, 2001. Kince v. Nicholson, No. 05-3391 (Vet. App. Apr. 12, 2006). We affirm.

DISCUSSION

I.

On March 8, 2001, the Board issued two decisions relating to various claims asserted by Mr. Kince. In re Kince, No. 9515732 (Board of Veterans' Appeals March 8, 2001) ("Board Decision") (embodying both decisions). The Board ruled against Mr. Kince on several claims, but remanded with respect to two claims to the Veterans Administration's regional office ("RO"). Board Decision, at 28. Mr. Kince timely appealed to the Veterans Court on April 11, 2001. On October 14, 2004, the Veterans Court declined to exercise jurisdiction over the appeal from the remanded claims and rendered a decision on the merits as to Mr. Kince's other claims. Kince v. Principi, No. 01-653 (Vet. App. Oct. 14, 2004). Mr. Kince's appeal of that decision to this court was unsuccessful. See Kince v. Nicholson, 161 Fed. Appx. 938, 2005 WL 1368090 (Fed. Cir. 2005).

On February 10, 2003, while his appeal still was pending before the Veterans Court, Mr. Kince file a motion with the Chairman of the Board asking the Board, among other things, to reconsider its March 8, 2001 decision remanding two claims to the RO. On October 27, 2005, the Chairman of the Board, acting through his delegate, denied Mr. Kince's motion. Letter from Joaquin Aguayo-Pereles, Deputy Vice Chairman, Dept. of Veterans' Affairs, to Henry L. Kince (Oct. 27, 2005). Mr. Kince appealed the Chairman's decision to the Veterans Court on November 28, 2005.

On March 8, 2006, the Veterans Court dismissed Mr. Kince's appeal for lack of jurisdiction. Kince v. Nicholson, No. 05-3391 (Vet. App. Mar. 8, 2006). On March 14, 2006, Mr. Kince requested reconsideration of the March 8, 2006 dismissal, arguing that

the Veterans Court did have jurisdiction because of his timely filed appeal from the March 8, 2001 Board decisions. On April 12, 2006, the Veterans Court withdrew its March 8, 2006 order and replaced it with a new one, again dismissing Mr. Kince's appeal for lack of jurisdiction. Kince v. Nicholson, No. 05-3391 (Vet. App. Apr. 12, 2006). In its new decision, the court stated that it lacked jurisdiction for two separate reasons. First, the court concluded that, because it had not relinquished jurisdiction to the Board to entertain Mr. Kince's motion for reconsideration of its March 8, 2001 decisions, the reconsideration motion having been filed while Mr. Kince's appeal was pending before it, the Chairman of the Board lacked authority to rule on the motion. Consequently, the court reasoned, there was no reconsideration decision which it had jurisdiction to review. Id. at 1-2. The Veterans Court also held that an alternative basis for dismissing for lack of jurisdiction was that Mr. Kince's motion for reconsideration was untimely. Id. at 2.

Following the decision of the Veterans Court, Mr. Kince timely appealed to this court. We have jurisdiction over his appeal pursuant to 38 U.S.C. § 7292(a).

II.

We see no error in the Veterans Court's dismissal of Mr. Kince's appeal for lack of jurisdiction. The court correctly held that, upon the filing of Mr. Kince's notice of appeal, jurisdiction immediately passed to the court and the Board was without authority to take further action in the case. See Graves v. Principi, 294 F.3d 1350, 1352 (Fed. Cir. 2002) (citing Cerullo v. Derwinski, 1 Vet. App. 195, 196-97 (1991)). Thus, during the period that Mr.Kince's appeal was pending before the Veterans Court (April 11, 2001–October 14, 2004), the Board could not act on the motion for reconsideration.

Contrary to the Veterans Court's decision, however, after the Veterans Court decided the appeal, the Chairman of the Board was free to act on Mr. Kince's motion for reconsideration. However, the Veterans Court lacked jurisdiction to consider the Chairman's October 10, 2005 denial of the motion for reconsideration because the Veterans Court had decided that it lacked jurisdiction over the remand decision and had decided the other claims on the merits. In Mayer v. Brown, 37 F.3d 618, 619-20 (Fed. Cir. 1994), overruled in part by Bailey v. West, 160 F.3d 1360 (Fed. Cir. 1998) (en banc), we pointed out that the Veterans Court's jurisdiction is limited by statute to review of decisions of the Board and that an action by the Chairman is not a decision of the Board. Accordingly, we stated that although 38 U.S.C. § 7261 "may allow the [Veterans Court] to review actions of the Chairman [of the Board] in cases where it already has jurisdiction by virtue of a timely appeal from a final [B]oard decision, it does not independently grant jurisdiction over such actions." Id. at 620. Here, the Veterans Court lacked jurisdiction because the Chairman's denial of Mr. Kince's motion for reconsideration on October 27, 2005, did not occur in the setting of a case in which the Veterans Court had jurisdiction, since the Veterans Court had (1) declined to exercise jurisdiction over the Board remand decisions on October 14, 2004; (2) had resolved his other claims on the merits on the same day; and (3) did not yet have before it an appeal from a Board decision resolving the remanded claims. See Jordan v. Brown, 8 Vet. App. 428 (1995) (applying Mayer in a case with facts analogous to those in this case.)

For the foregoing reasons, the Veterans Court did not err in dismissing Mr. Kince's appeal for lack of jurisdiction. The decision of the court is therefore affirmed.[*]

Each party shall bear its own costs.

---

[*] We do not reach the alternative ground stated by the Veterans Court for its decision.