NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD E. GOLEMON,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7114

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-177, Judge Lawrence B. Hagel.

---

Decided: January 8, 2016

---

DONALD E. GOLEMON, Mobile, AL, pro se.

ADAM E. LYONS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., BRIAN A. MIZOGUCHI; Y. KEN LEE, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before REYNA, TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

This case arises from a decision by the Department of Veterans Affairs (VA) denying disability benefits to Donald E. Golemon (Mr. Golemon) for three conditions: (1) adenocarcinoma of the colon; (2) peripheral neuropathy of the right and left upper extremity; and (3) multiple myeloma. The Board of Veterans' Appeals (Board) affirmed and the United States Court of Appeals for Veterans Claims (Veterans Court) remanded-in-part and affirmed-in-part. Specifically, the Veterans Court remanded Mr. Golemon's claims for benefits relating to colon cancer and peripheral neuropathy and affirmed the denial of benefits for myeloma. Because Mr. Golemon's arguments are either without merit or will be addressed in the partial remand to the Board, we affirm.

## BACKGROUND

Mr. Golemon served on active duty in the United States Army from January 1970 to July 1971. During his service, Mr. Golemon sustained combat injuries for which he was subsequently awarded the Purple Heart.

In June 2003, Mr. Golemon filed a claim seeking disability benefits for, among other things, peripheral neuropathy. He later filed an additional claim requesting benefits for colon cancer. Then, in May 2008, he sought benefits for multiple myeloma due to exposure to herbicides. The VA denied benefits for these injuries. In a June 4, 2013 decision, the Board affirmed (Board Decision). Thereafter, on August 17, 2013, Mr. Golemon sought reconsideration of the Board's decision. On September 26, 2013, the Board Deputy Vice Chairman issued a letter denying Mr. Golemon's request for reconsideration (Denial of Reconsideration).

Mr. Golemon appealed to the Veterans Court, identifying the September 26th Denial of Rehearing as the Board decision from which he was appealing, rather than the June 4th Board Decision. Because the Veterans Court docketed the appeal as arising from the June 4th Board Decision, Mr. Golemon sent a letter, dated January 13, 2015, requesting that the Veterans Court recognize the September 26th Denial of Reconsideration decision as the final Board decision from which he was appealing. The Veterans Court does not appear to have addressed this letter and, on May 4, 2015, issued a single-judge memorandum decision vacating and remanding the portion of the Board's decision relating to adenocarcinoma of the colon and peripheral neuropathy of the upper extremities. Specifically, the Veterans Court concluded that the Board did not appropriately consider Mr. Golemon's contention that his neck injury was caused, at least in part, by the injuries he sustained while in combat. The Veterans Court affirmed the remainder of the Board's decision, including the Board's determination that there was insufficient evidence to support a diagnosis of multiple myeloma.

In response to the single-judge decision, Mr. Golemon filed several motions before the Veterans Court, raising several arguments: (1) a motion for panel review of the Veterans Court's single-judge decision; (2) a motion to correct the date of his combat entry used by the Veterans Court; and (3) a motion to establish a veterans' bill of rights, benefiting all veterans. The Board granted panel review, but declined to alter the May 4, 2015 decision. The Veterans Court denied the remaining two motions. Mr. Golemon then filed a motion seeking review by the full Veterans Court. The Veterans Court denied this motion because review was not "necessary to secure or maintain uniformity of the Court's decisions" and the decision did not implicate "a question of exceptional importance." *Golemon v. McDonald*, No. 14-0177, 2015

WL 4929692, at *1 (Vet. App. Aug. 19, 2015). Accordingly, the Veterans court entered judgment on August 19, 2015, and Mr. Golemon timely appealed to this court.

## DISCUSSION

Our jurisdiction over appeals from the Veterans Court is limited. Under 38 U.S.C. § 7292(a), we may review the "validity of a decision of the [Veterans] Court on a rule of law or any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the [Veterans] Court in making the decision." We review the Veterans Court's interpretation of a statute de novo. *Sursely v. Peake*, 551 F.3d 1351, 1354 (Fed. Cir. 2009). We must also decide "all relevant questions of law" and will "set aside any regulation or any interpretation thereof (other than a determination as to a factual matter)"—relied upon in the decision of the Veterans Court—that we find "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). We are not permitted, however, to review "a challenge to a factual determination" or a "challenge to a law or regulation as applied to the facts of a particular case," unless the appeal presents a constitutional issue. §§ 7292(d)(2)(A)–(B). *See Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

Notably, Mr. Golemon does not assert that the Veterans Court incorrectly affirmed the Board's conclusion that Mr. Golemon could not be diagnosed with multiple myeloma. Even if Mr. Golemon had raised such an argument, we would lack jurisdiction to address such a factual determination. Instead, Mr. Golemon objects to the Veterans Court's use of the June 4th Board Decision as the decision for review, rather than the September 26th

Denial of Reconsideration decision. Mr. Golemon also requests that we correct the date of his combat injury from June 2, 1971, to May 21, 1971.

I

The Veterans Court's jurisdiction and scope of review is governed by statute. *See* 38 U.S.C. § 7252. Thus, whether the Veterans Court properly determined which of the Board's decisions was subject to its review relates to the contours of the Veterans Court's statutorily prescribed jurisdiction. As a question of statutory interpretation, this issue falls within our jurisdiction.

Congress provided that "[t]he Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals." 38 U.S.C. § 7252(a). Section 7103 addresses motions for reconsideration and explains that "[t]he decision of the Board . . . is final unless the Chairman [of the Board of Veterans' Appeals] orders reconsideration of the decision . . . ."[1] 38 U.S.C. § 7103(a). The VA's regulations further explain that "[t]he Chairman will review the sufficiency of the allegations set forth in the motion [for reconsideration] and determine whether to deny or allow the motion. 38 C.F.R. § 20.1001(c). Accordingly, under the governing statutes and regulations, a decision deny-

---

[1] The decision denying Mr. Golemon's motion for reconsideration was signed by David C. Sprinkler, Deputy Vice Chairman of the Board. Mr. Golemon does not challenge the authority of the deputy vice chairman to issue such a decision. We nevertheless recognize that such authority is consistent with the VA's regulations. *See* 38 C.F.R. § 20.102(a) (providing that the authority exercised by the Chairman to decide requests for reconsideration "may also be exercised by the Vice Chairman of the Board and by Deputy Vice Chairmen of the Board").

ing a motion for reconsideration is an action by the Chairman, rather than by the Board.

The Government points to our decision in *Mayer v. Brown* as establishing that actions by the Chairman, like motions to reconsider, are not subject to Veterans Court review, unless the motion to reconsider includes some showing of new evidence or circumstances. 37 F.3d 618, 620 (Fed. Cir. 1994) ("An action by the Chairman is not a decision of the board"), *overruled in part on other grounds by Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc). Relevant here, *Mayer* made clear two things: (1) the Veterans Court hears appeals from Board decisions; and (2) an action by the Chairman denying reconsideration of a Board decision is not itself a Board decision. *See* 37 F.3d at 619–20. Thus, the Veterans Court, consistent with the statute and *Mayer*, did not err by designating the June 4th Board Decision as the decision on appeal rather than the September 26th Denial of Reconsideration decision by the Deputy Vice Chairman.

Mr. Golemon nevertheless asserts that 38 C.F.R. § 18b.73(b) instructs that his appeal to the Veterans Court should have proceeded from the Denial of Reconsideration. Section 18b.73(b) provides that after a hearing and decision by an administrative law judge or after a claimant files exceptions to that decision, "the reviewing authority shall review the recommended or initial decision and shall issue a decision thereon, which shall become the final decision of VA, and shall constitute 'final agency action' within the meaning of 5 U.S.C. 704." This regulation relates only to hearings conducted in the context of discrimination claims. *See* 38 C.F.R. § 18b.1 ("The rules of procedure in this part . . . govern the practice for hearings, decisions, and administrative review conducted by the Department of Veterans Affairs pursuant to Title VI of the Civil Rights Act of 1964 . . . ."). Thus, section 18b.73(b) has no bearing on Mr. Golemon's appeal from a denial of disability benefits.

Mr. Golemon also argues that the Veterans Court's course of action violates his rights secured by the Fifth and Ninth Amendments to the United States Constitution. We understand Mr. Golemon to be arguing that by designating the Board Decision as the decision on appeal, the Veterans Court violated Mr. Golemon's due process rights. It appears that Mr. Golemon may be seeking review of his request that the transcript from his hearing before the Board be corrected to reflect the Board's representation that his claims for peripheral neuropathy of the right upper extremity and the left upper extremity would be "linked" and addressed "together as one ruling." Supplemental Appendix 57–58. He also may be asserting that the Board represented to him that these neuropathy claims would be linked with a purported claim relating to a lower back injury. Mr. Golemon's neuropathy claims regarding his neck injury, however, were remanded back to the Board by the Veterans Court for further proceedings. *See Golemon v. McDonald*, No. 14-0177, 2015 WL 1966717, at *4–5 (Vet. App. May 4, 2015) (explaining that 38 U.S.C. § 1154(b) requires that the Board consider Mr. Golemon's evidence that he suffered combat-related neck trauma that could have led to his peripheral neuropathy). Namely, the Veterans Court directed the Board to "order a new VA medical opinion and, following receipt of that opinion, provide an adequate statement of reasons or bases for its decision." *Id.* at *5. In addition, the Veterans Court expressly recognized that Mr. Golemon would be "free to submit additional evidence and argument" on remand. *Id.* (citing *Kutscherousky v. West*, 12 Vet. App. 369, 372–73 (1999) (per curiam order)). Thus, Mr. Golemon will have the opportunity to raise his concerns about these alleged statements by the Board on remand. If his concerns are not adequately addressed during the course of those proceedings, Mr. Golemon may then raise the issue if he appeals the Board's ultimate decision on his claim for benefits for his peripheral neuropathy. We

therefore conclude that due process does not require remand or reversal.

For these reasons, we find no error in the Veterans Court's designation of the Board Decision as the decision on appeal.

## II

When Mr. Golemon was originally awarded his Purple Heart, the award stated that he suffered a combat injury in Vietnam on May 21, 1971. However, his Purple Heart was later amended to correct the spelling of his name and his social security number. The re-issued Purple Heart certificate identifies June 2, 1971, as the date on which Mr. Golemon received his combat injury. Mr. Golemon now requests that we correct this discrepancy in the court records and conclude that the date of his combat injury was the earlier date, May 21, 1971.

We lack jurisdiction to address the date on which he was injured in combat. Determination of the date on which Mr. Golemon was injured is a question of fact, not within the jurisdiction of this court to review. 38 U.S.C. § 7292(d)(2). Even if we could exercise jurisdiction over this question, it would have no effect on the Veterans Court's decision because no part of that decision turned on the precise date of Mr. Golemon's combat injury.

**AFFIRMED**

No Costs.