NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**CURTIS E. WALDEN,**
*Claimant-Appellant*

**v.**

**ROBERT A. MCDONALD, SECRETARY OF
VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2015-7073

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 14-1480, Judge William Greenberg.

---

Decided: February 10, 2016

---

CURTIS E. WALDEN, Highland Home, AL, pro se.

JOSHUA A. MANDLEBAUM, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD; Y. KEN LEE,

CHRISTINA LYNN GREGG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————

Before PROST, *Chief Judge,* DYK, and WALLACH, *Circuit Judges.*

PER CURIAM.

Curtis E. Walden appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans' Court") dismissing his appeal as untimely. We affirm.

BACKGROUND

Mr. Walden injured the second toe of his left foot while he was on active duty service with the Navy from 1955 to 1957. He initially claimed compensation for a service disability related to that injury, which was denied in 1963.

In 1998, Mr. Walden requested that the Board of Veterans' Appeals ("the Board") reopen his claim for disability compensation, alleging service-connected Freidberg's disease in the second toe of his left foot. After a series of decisions, appeals, and remands, the Board finally determined that Mr. Walden was entitled to a 20% disability rating between April 23, 1999, and April 23, 2003, and a 30% rating thereafter.[1] The Board's final decision was mailed to Mr. Walden on September 12, 2011.

On February 24, 2014, far more than 120 days after the Board's decision and after the running of the time for

———————

[1] The Board also determined that Mr. Walden was entitled to 100% disability for two periods of time when he was recovering from surgery.

appeal, Mr. Walden requested reconsideration of the 2011 Board decision, seeking a higher disability rating. This was denied on April 24, 2014. On May 15, 2014, twenty-one days after the denial of reconsideration, Mr. Walden then appealed the denial to the Veterans' Court. He argued that his appeal was timely because he filed his appeal within 120 days of the denial of the petition for reconsideration.

The Veterans' Court dismissed Mr. Walden's appeal as untimely, explaining that "[a]lthough [Mr. Walden] is correct that he filed his appeal to the Court within 120 days of the Board['s] denial of his motion for reconsideration, [Mr. Walden's] failure to file his motion for reconsideration within 120 days of [the date the original decision was mailed] results in an untimely filing of his appeal to the Court." App. 6.[2] As the Veterans' Court explained, "[i]f an appellant chooses to file a motion for reconsideration, he may still appeal to the Court, but only if he files his motion for reconsideration with the Board within 120 days of the date on which the Board decision was mailed, and then submits his appeal to the Court within 120 days from when the Board mails the notice of the denial of reconsideration to the appellant." *Id.* at 7. Because Mr. Walden had not provided an excuse for missing the 120-day window for filing the petition for reconsideration, *see Brandenburg v. Principi*, 371 F.3d 1362, 1364 (Fed. Cir. 2004), the Veterans' Court dismissed the appeal.

Mr. Walden now appeals to our court. We have limited jurisdiction to review decisions of the Veterans' Court. Absent a constitutional issue, we may not review a challenge to a factual determination or a challenge to a law or regulation as applied to the facts of a particular

---

[2] All notations to the appendix refer to the appendix attached to the government's informal brief.

case.   38 U.S.C. § 7292(d)(2); *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

## DISCUSSION

Mr. Walden challenges the Veterans' Court's dismissal of his appeal as untimely.  Pursuant to 38 U.S.C. § 7266(a), "[i]n order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed."  A decision on a motion for reconsideration is not a "final decision" under the statute; thus normally an appeal must be filed within 120 days of the final decision of the Board.  *See* 38 C.F.R. § 20.1001 (decision rejecting motion for reconsideration is a "final disposition of the motion" not a final decision of the Board); *Mayer v. Brown*, 37 F.3d 618, 620 (Fed. Cir. 1994) (overruled in part on other grounds).  However, if a veteran seeks reconsideration of a Board decision within that 120-day window, the veteran may appeal within 120 days of the decision on the motion for reconsideration.  *See, e.g.*, *Rosler v. Derwinski*, 1 Vet. App. 241, 245 (1991).  The 120-day deadline for filing a notice of appeal is not jurisdictional, and the period may be equitably tolled.  *Henderson v. Shinseki*, 562 U.S. 428, 441–42 (2011).  Thus, a veteran may still appeal to the Veterans' Court provided he gives an acceptable reason for missing the deadline.  Mr. Walden has not given any reason as to why the deadline should be equitably tolled here.

Mr. Walden's brief primarily addresses the merits of the underlying claim and does not address the timeliness issue.  Mr. Walden's only argument regarding timeliness seems to be that he filed his notice of appeal within 120 days of the denial of his motion for reconsideration.  This does not mean that the appeal was timely filed.  *Mayer*,

37 F.3d at 620. Mr. Walden missed the deadline for seeking reconsideration by more than two years. His appeal to the Veterans' Court is therefore time-barred.

## AFFIRMED

### COSTS

No costs.